[Civ. No. 5103. First Appellate District, Division Two.—May 13, 1925.]

## ELSIE BACIGALUPI, Respondent, v. FRANK BACIGALUPI, Appellant.

[1] DIVORCE—PROPERTY RIGHTS—INTERLOCUTORY DECREE—WHEN CONCLUSIVE.—An interlocutory decree of divorce becomes a conclusive decree as to the property rights of the parties, if not vacated in the mode prescribed by law; and section 473 of the Code of Civil Procedure fixes the time to attack an interlocutory decree of divorce, in so far as it relates to the property rights of the parties, at six months after the entry thereof.

[2] ID. — MEANING OF "ALIMONY" — INCONSISTENCY BETWEEN DECREE AND MINUTES.—Though in a strict legal sense the word "alimony" means support for the wife, it is commonly used as covering an award made to the wife for the support of the minor children whose custody is awarded to her; and, therefore, there is no fatal inconsistency between an interlocutory decree of divorce awarding the wife a specified sum monthly for the support of the minor children awarded to her and an entry in the clerk's minutes that the husband is ordered to pay his wife a specified sum per month "alimony."

[3] ID.—FAILURE TO AWARD ALIMONY—ADVERSE FINDING—PRESUMPTION.—Where an interlocutory decree of divorce, as signed, filed, and entered, awards the wife a specified sum per month for the support of the minor children whose custody is awarded her, but such decree makes no award for "alimony" or support for the wife, the appellate court must presume that the trial court found adversely to the wife upon her claim for individual support.

[4] ID.—MODIFICATION OF DECREE—ALLOWANCE OF ALIMONY—JURISDICTION—STIPULATION OF COUNSEL.—When an interlocutory decree of divorce is granted to the wife and no provision is made for alimony

---

1.  See *9 Cal. Jur.* 762.
2.  See *1 Cal. Jur.* 944.
4.  See *1 Cal. Jur.* 1035.

for her own support, the trial court is without jurisdiction to add such a provision by a modification of the decree; and, where the trial court has no jurisdiction to modify an interlocutory decree of divorce in such particular, a stipulation of counsel purporting to authorize the court to make such a modification is of no importance, as the parties cannot by stipulation confer upon the court a jurisdiction which the law has denied it.

[5] ID.—EMPLOYMENT OF COUNSEL—EXPIRATION OF AUTHORITY—MODIFICATION OF DECREE.—In a divorce action, where the husband employs counsel to represent him in the defense of the action and the entry of the decree, the authority of such counsel expires when the time for appeal from or modification of the interlocutory decree has passed, and said counsel has no authority thereafter to sign a stipulation to modify the interlocutory decree so as to impose upon the husband a burden to pay alimony to his wife in addition to the burden imposed by the interlocutory decree.

[6] ID.—WANT OF JURISDICTION—VOID ORDER—MOTION TO VACATE—APPEAL.—Where want of jurisdiction to make an order modifying an interlocutory decree of divorce, so as to impose upon the husband an additional burden, is apparent on the face of such order, a motion by the husband to annul such order is properly made; and, while such order may be treated as a nullity, where the husband moves to set aside such order, his motion should be granted, and an appeal will lie from an order denying such motion.

---

(1) 19 **C. J.**, p. 338, n. 22 New.    (2) 19 **C. J.**, p. 201, n. 10, p. 203, n. 31, p. 323, n. 74 New, 79, p. 324, n. 86, p. 357, n. 38 New. (3) 19 **C. J.**, p. 30, n. 80.    (4) 15 **C. J.**, p. 802, n. 6; 19 **C. J.**, p. 247, n. 23.    (5) 6 **C. J.**, p. 673, n. 61.    (6) 3 **C. J.**, p. 457, n. 31; 33 **C. J.**, p. 1077, n. 72; 34 **C. J.**, p. 269, n. 57.

APPEAL from an order of the Superior Court of Alameda County denying a motion to annul an order modifying an interlocutory decree of divorce. Joseph S. Koford, Judge. Reversed.

The facts are stated in the opinion of the court.

E. E. Gehring for Appellant.

M. J. Rutherford for Respondent.

NOURSE, J.—On the twenty-first day of September, 1921, the plaintiff commenced an action against the defendant for divorce upon the grounds of desertion. In her complaint she asked for the custody of her three minor children and

prayed for the sum of ''$100.00 per month as alimony for the support and maintenance of herself and said minor children.'' On the 20th of October, 1921, a divorce was granted to the plaintiff as prayed and findings were duly waived. The clerk entered upon his minutes a notation that it was further ordered that the defendant ''pay to the plaintiff $40.00 a month alimony.'' On the 27th of October, 1921, the court duly signed an interlocutory judgment and decree of divorce in which the defendant was ordered to pay to the plaintiff ''as and for the support of the minor children the sum of $40.00 per month.'' This judgment was duly entered on October 29, 1921, and no appeal was taken therefrom and no motion for a new trial was made. On October 3, 1922, prior to the entry of a final decree therein, the attorneys who had appeared for the respective parties at the time of the trial filed their written stipulation purporting to authorize the trial court to modify the interlocutory decree as so entered by inserting the words ''said plaintiff'' so that the judgment should require the defendant to pay to the plaintiff ''as and for the support of *said plaintiff and* the minor children'' the sum of $40 per month. Acting upon this stipulation alone the trial court on the third day of October, 1922, entered its order purporting to modify said interlocutory decree by inserting the words ''plaintiff and'' before the words ''minor children.'' On January 2, 1923, final judgment of divorce was entered in which no mention was made of the provision for payment of alimony or the support of the children. On May 7, 1923, the defendant, acting through an attorney who had been substituted for him, moved the trial court to modify the interlocutory decree as modified by the order of October 3, 1922, so as to relieve the defendant of paying to the plaintiff the alimony and maintenance money covered by the order of October 3, 1922. This motion was supported by the affidavit of the defendant in which it was shown that one of said children had passed the age of majority and that all three were living with the mother, who received a large part of their earnings; that they were employed in positions from which they earned good salaries and did not need any support from the defendant. It was also alleged that the stipulation of October 3, 1922, was signed by an attorney who was

not at that time employed by defendant as his counsel and that the stipulation was made without the defendant's knowledge or consent. The facts alleged in this affidavit were not denied and the motion came on for hearing on the affidavit and upon oral testimony taken at the time. The facts developed from the oral testimony related solely to the amount of income which the respective parties and the three sons were receiving. As a result of the hearing the trial court on October 22, 1923, entered an order purporting to *grant* the motion of defendant to modify the decree so that the said $40 per month be paid to the plaintiff for her own maintenance and none for said minor children. At the same time the court ordered all other matters contained in the motion denied.

As we read this order it purports to modify the interlocutory decree to the extent of vacating and setting aside the award of support and maintenance for the three sons and at the same time to modify that decree so as to order the payment of $40 a month exclusively for the support of the plaintiff. As to the latter feature, the order purports to grant a motion which the record does not disclose to have been made. The order further denies the motion made by the defendant to annul or modify the order of October 3, 1922, including the words "plaintiff and" in the paragraph awarding support from the defendant, though this order of October 22, 1923, states that the motion which was denied was one for a modification of the *final* decree of divorce which inserted the word "alimony" in the decree. This order was filed on January 26, 1924, and within due time thereafter the defendant appealed from the order and has prepared a record under section 953a of the Code of Civil Procedure.

The foregoing statement of facts has been taken from the transcript which has been certified to us by the trial court. The only attempt made by the respondent to support the order of the trial court is based upon a statement of facts which in every particular is unsupported by the record. The issue which presents itself upon the record is the simple question whether the trial court had jurisdiction to modify the interlocutory decree in the manner complained of more than six months after its entry.

72 Cal. App.—42

In the consideration of this question we are confronted with certain fixed principles which are sustained by numerous authorities. [1] The interlocutory decree of divorce becomes a conclusive decree as to the property rights of the parties if not vacated in the mode prescribed by law. (*Gould* v. *Superior Court,* 47 Cal. App. 197, 200 [191 Pac. 56]; *Abbott* v. *Superior Court,* 69 Cal. App. 660 [232 Pac. 154].) The time to attack an interlocutory decree in so far as it relates to the property rights of the parties is fixed at six months after the entry thereof by the provisions of section 473 of the Code of Civil Procedure. (*Bancroft* v. *Bancroft,* 178 Cal. 367 [173 Pac. 582].)

[2] If, as claimed by the respondent, the modification of October 3, 1922, was made to conform to a decision of the trial court (which, however, is not included in the record), that order could be made only upon a proper motion and a proper showing of the facts relied on. As we are required to take the record as we find it, we must rest upon the interlocutory decree or judgment signed by the trial court rather than the notation made in the minutes of the clerk, and, turning to that judgment, we find that the trial court ordered an award for the support of the minor children only and made no award for "alimony" or support of the wife. The clerk's entry contained the notation that the defendant was ordered to pay "$40.00 a month alimony" without any mention of the wife or the minor children. Though in a strict legal sense the word "alimony" means support for the wife, it is commonly used as covering an award made to the wife for the support of the minor children whose custody is awarded to her. There is, therefore, no fatal inconsistency between the clerk's notation and the decree signed by the trial court. [3] We must, therefore, treat the decree as the decision of the court, and from the award which was there made it must be presumed that the trial court found adversely to the respondent upon her claim for individual support.

[4] The case then comes to this: That when the interlocutory decree of divorce was granted to the wife no provision was made for alimony for her own support. This being so, the trial court was without jurisdiction to add such a provision by a modification of the decree. (*Howell* v. *Howell,* 104 Cal. 45 [43 Am. St. Rep. 70, 37 Pac. 770]; *O'Brien*

v. *O'Brien,* 130 Cal. 409 [62 Pac. 598]; *McCaleb* v. *McCaleb,* 177 Cal. 147 [169 Pac. 1023].) If, therefore, the trial court was without jurisdiction to modify the interlocutory decree at the time and in the manner referred to, the stipulation of counsel purporting to authorize the court to make such a modification is of no importance as the parties could not by stipulation confer upon the court a jurisdiction which the law has denied it. **[5]** Furthermore, the time for appeal from or modification of the interlocutory decree having passed, and the appellant's counsel having been employed solely for the purpose of representing him in the trial of the action and the entry of that decree, his employment had ceased long before he entered into the stipulation of October 3, 1922. And this is particularly true as the stipulation which purported to authorize the court to impose upon the appellant a burden to pay alimony to his wife in addition to the burden imposed by the interlocutory decree was undoubtedly a stipulation to the prejudice of the appellant. (*Knowlton* v. *MacKenzie,* 110 Cal. 183 [42 Pac. 580].)

We are satisfied for the reasons given that the trial court was without jurisdiction to modify the interlocutory decree by the order of October 3, 1922. **[6]** The motion of the appellant to annul this order was properly made as the want of jurisdiction of the trial court was apparent upon the face of the order. The order denying this motion was an order made after final judgment within the meaning of section 963 of the Code of Civil Procedure, and is an appealable order. It was not necessary, therefore, to appeal from the order of October 3, 1922, as respondent contends. That order having been made without jurisdiction, the appellant could treat it as a nullity; having moved to modify it, however, the motion should have been granted.

Order reversed.

Langdon, P. J., and Preston, J., *pro tem.*, concurred.

Respondent's petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 7, 1925.