[Civ. No. 5307. Second Appellate District, Division Two.—July 6, 1926.]

GEORGE S. GILLESPIE, Petitioner, v. C. N. ANDREWS, Judge of the Superior Court of San Diego County, Respondent.

[1] JUDGMENTS — ALTERATION BY COURT — JURISDICTION. — In the absence of statutory authority, courts have no jurisdiction to alter their final judgments.

[2] DIVORCE—INTERLOCUTORY AND FINAL DECREES—ALIMONY—MODIFICATION OF DECREES — JURISDICTION — STIPULATIONS. — Where more than six months have elapsed since the entry of both the interlocutory and final decrees of divorce, the court has no jurisdiction to modify either decree by adding a provision for alimony for the support of the wife, when each of said decrees is silent upon the subject of alimony; and an order purporting to modify said decrees to provide for alimony for the wife after the expiration of said time is void, and the parties cannot by stipulation confer upon the court a jurisdiction which is denied it.

(1) 19 **C. J.**, p. 269, n. 9, p. 271, n. 25; 34 **C. J.**, p. 224, n. 58 New.
(2) 15 **C. J.**, p. 802, n. 6.

PROCEEDING in Prohibition to restrain the Superior Court of San Diego County and C. N. Andrews, Judge thereof, from the enforcement of a modified final decree of divorce.

The facts are stated in the opinion of the court.

Arthur F. H. Wright for Petitioner.

Crouch & Sanders for Respondent.

CRAIG, J.—It appears from the petition in this proceeding that on October 18, 1920, an interlocutory decree of divorce was made and entered in favor of Clara Gillespie and against George S. Gillespie, petitioner herein, and that on October 19, 1921, a final decree was entered dissolving the bonds of matrimony theretofore existing between the parties, and reciting "that said plaintiff, and said defendant

1. See 14 Cal. Jur. 991.

and each of them be and they are hereby free from each and all of the obligations thereof." The final decree also provided, as did the interlocutory judgment, "that the plaintiff herein, Clara Gillespie, be and she is hereby given the care, custody and control of George S. Gillespie, Junior, the son of the parties hereto."

On September 22, 1922, the parties signed and filed in the original divorce action a stipulation in writing by the terms of which they agreed that the interlocutory decree, and the final decree, "may be modified and amended with reference to the custody, care, education, maintenance and support of the minor child of said parties in accordance with the modified decree, a copy of which is hereto attached." Thereafter both parties appeared before the superior court, evidence was introduced, and an order entitled "Modification of Final Decree of Divorce," dated October 16, 1922, was made and entered. It provides that both parties desire "that said decree be modified so as to settle and dispose of the respective property rights of the parties"; that a property settlement was made between them prior to the rendition of the interlocutory decree, but that neither decree contained any provision concerning the property rights of the plaintiff or defendant. It then proceeds, in part, as follows: "Now, therefore, it is hereby ordered and decreed that said decree of divorce be modified and amended" to award to the defendant custody of the boy, and that *"In lieu of said property settlement* heretofore entered into said defendant shall pay to said plaintiff within sixty (60) days from the date of *this modified decree* the sum of one thousand dollars ($1000.00), *for the care, support and maintenance of the plaintiff,"* $1,000 annually to and including the year 1926, and certain specified amounts each month, "until the marriage or death of said plaintiff."

Payments were not made as directed, and pursuant to an affidavit and order to show cause a hearing was held on January 11, 1926, at which time the matter was continued to January 25, 1926, and the court indicated that it would then punish the defendant for contempt. This proceeding was thereupon instituted, praying a writ of prohibition restraining the superior court from enforcing its so-called modified decree, and from assessing any penalty against the

petitioner for failing to comply with its requirements. It is contended that the court exceeded its jurisdiction in attempting to alter or amend the final judgment by directing the payment of alimony.

Section 138 of the Civil Code authorizes the modification when necessary of an order providing for the custody, care, education, maintenance, or support of minor children of the parties to a divorce action, regardless of stipulation. [1] But in the absence of statutory authority courts have no jurisdiction to alter their final judgments. The final decree in question did not attempt to establish any of the property rights of the parties, or to direct the payment of any alimony; it was final in form and substance, and contained no reservation. The case is in this respect similar to *Howell* v. *Howell*, 104 Cal. 45 [43 Am. St. Rep. 70, 37 Pac. 770], wherein a final decree was entered which made no mention of alimony. Thereafter, upon petition of the plaintiff, an order was made "that defendant pay to plaintiff the sum of one hundred dollars per month" until the further order of the court. Certain property rights were there asserted by the complaint, and adjusted by the court in its final decree, but we do not think that fact is material to the question here presented. Upon appeal from the order directing the payment of alimony the supreme court said: "A judgment in a divorce suit settling the property rights of the parties, after the time for appealing therefrom has expired, is as final as any other kind of a judgment, except so far as the power to modify it is given by statutory provision. Of course, when we speak of a final judgment, we mean one which does not upon its face reserve jurisdiction (when that can be done) to make a supplemental decree, in which case it is not final. In the case at bar there was no such reservation; it was final in form and substance. And there is no statutory provision giving jurisdiction to make the order appealed from. . . . After the judgment granting the divorce the plaintiff was no longer the wife of the defendant; and he owed her no longer any marital duty. From that time she could enforce against him no obligation not imposed by the court at the time of the judgment. In the case at bar the judgment became final without any award of alimony; and, of course, the court could not afterwards 'modify' what never

existed." Other cases in this state announcing the same rule are: *O'Brien* v. *O'Brien,* 124 Cal. 422 [57 Pac. 225]; *McKay* v. *McKay,* 125 Cal. 68 [57 Pac. 677]; *O'Brien* v. *O'Brien,* 130 Cal. 409 [62 Pac. 598]; *Harlan* v. *Harlan,* 154 Cal. 348 [98 Pac. 32].

[2] It follows, therefore, that as more than six months had elapsed since the entry of both the interlocutory decree and the final decree, respondent had no jurisdiction to modify either by adding a provision for alimony for the support of the plaintiff, when each of those decrees was silent upon the subject, and hence that its order of October 16, 1922, was void. This being true, "the parties could not by stipulation confer upon the court a jurisdiction which the law has denied it." (*Bacigalupi* v. *Bacigalupi,* 72 Cal. App. 654 [238 Pac. 93]; *Bancroft* v. *Bancroft,* 178 Cal. 367 [173 Pac. 582].)

It is ordered that a peremptory writ of prohibition issue in accordance with the views herein expressed.

Finlayson, P. J., and Works, J., concurred.