[Civ. No. 9476. First Appellate District, Division Two.—May 10, 1934.]

HARRY KRUGER, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

John D. Harloe and Walter C. Frame for Petitioner.

Stella Donovan for Respondent.

SPENCE, J.—This is an original application for a writ of prohibition.

Petitioner and Ernestine Kruger were husband and wife. On February 26, 1932, the wife obtained an interlocutory decree of divorce. Said decree settled the property rights of the parties and no provision was made for alimony. About one year later the parties resumed marital relations and continued to live together for approximately eight months. The wife then left petitioner because of alleged acts of cruelty. In September, 1933, the wife made a motion to set aside the interlocutory decree of divorce upon the ground that the parties had become reconciled. Said motion was denied. In January, 1934, the wife filed an

affidavit for a restraining order and order to show cause in said divorce action. She alleged in said affidavit that the respondent court had lost jurisdiction to set aside the interlocutory decree and that she desired to file a separate action to compel specific performance of an alleged agreement. The agreement referred to was one alleged to have been made orally at the time the parties resumed marital relations whereby petitioner agreed "that he, said defendant, would set aside the interlocutory decree of divorce", would give her "one-half of the drug store" and "one-half of the income of said drug store" and would be kind to her. The trial court issued its order restraining petitioner from disposing of his property and ordering him to show cause "why he should not pay to plaintiff a reasonable sum per month for her maintenance and support and further sum as may to the court seem just for her counsel, and a further sum for costs and counsel fees for the prosecution of an action in equity as set forth in the affidavit of said plaintiff on file herein". It is alleged in the petition herein that unless restrained and prohibited from so doing the respondent court will entertain and hear said order to show cause and grant the relief asked. Said allegation is not denied.

We are of the opinion that the writ should issue. It is conceded that the respondent court had lost jurisdiction to set aside or modify the decree of divorce in the divorce action. (*Dell* v. *Superior Court,* 53 Cal. App. 436 [200 Pac. 85]; *Bacigalupi* v. *Bacigalupi,* 72 Cal. App. 654 [238 Pac. 93]; *Howell* v. *Howell,* 104 Cal. 45 [37 Pac. 770, 43 Am. St. Rep. 70].) We believe that the respondent court is clearly without jurisdiction in the divorce action to award to the wife counsel fees and costs for the purpose of prosecuting an independent action and is without jurisdiction in the divorce action to award her maintenance and support during the pendency of such independent action.

Let a peremptory writ of prohibition issue as prayed.

Nourse, P. J., and Sturtevant, J., concurred.