[Civ. No. 19466.    First Dist., Div. One.    June 9, 1961.]

BETTY CARTER, Respondent, v. STEVEN L. CARTER, Appellant.

Molly H. Minudri for Appellant.

Phil F. Garvey and John H. Lenz for Respondent.

BRAY, P. J.—Defendant appeals from an order for payment to plaintiff's attorney of $200 attorney's fees and $30 costs. Plaintiff moves this court for an order staying appeal until payment by defendant of said fees and costs and also until compliance with a later order requiring defendant to pay plaintiff $150 for costs and plaintiff's attorneys $250 for attorneys' fees on this appeal.

### QUESTION PRESENTED

In an action for annulment and/or divorce, may plaintiff be awarded attorneys' fees without the affirmative showing of innocence stated in section 87, Civil Code?

### RECORD

Plaintiff and defendant entered into a ceremonial marriage in Nevada on October 24, 1959.[1] November 16, plaintiff filed a complaint containing two counts, one for annulment on the ground of fraud in that defendant secretly intended not to consummate the marriage, the second for divorce on the ground of extreme cruelty. The complaint alleged that the parties separated the next day after the marriage. Defendant cross-complained for an annulment on the ground of fraud in that plaintiff secretly intended not to consummate the marriage. Prior thereto, plaintiff moved the court for attorneys' fees and costs pendente lite. Prior to the hearing defendant served and filed an affidavit to the effect that plaintiff, after the ceremony of marriage, informed him that her sister did not want plaintiff to marry, that plaintiff postponed living with defendant, that on November 6 both parties went shopping

---

[1] Plaintiff says it took place in Gardnerville, defendant, in Minden, both in Nevada.

together and purchased a bedroom set, both signing a conditional sales contract therefor, that thereafter plaintiff refused to see or talk to defendant, that there has been no cohabitation or living together between the parties, that defendant is anxious to consummate the marriage but plaintiff refuses to do so, that there is no valid and subsisting marriage upon which an order for attorneys' fees can be based and that plaintiff is not the innocent party, having entered into a marriage solemnization without any intent to cohabit or live with defendant as his wife.

At the hearing, plaintiff, standing on her complaint, offered no evidence. Defendant contended that the court could not allow plaintiff attorneys' fees and costs in the absence of an affirmative showing that she was the innocent party and that the marriage was a valid and subsisting one. Plaintiff testified, on cross-examination, that she "refused to consummate the marriage" and "to have sexual relations" with defendant. The court refused to permit defendant to go further into the matter.[2]

## Necessary Showing

Defendant takes the position that the court had no power to grant plaintiff attorneys' fees and costs, either under the divorce count because it appeared that the marriage was never consummated, or under the annulment count because it appeared that plaintiff was not the innocent party, or at least that plaintiff failed to show that she was such party. Defendant further contends that where an action for divorce and for annulment is brought and it appears that plaintiff cannot comply with section 87 of the Civil Code, the court is powerless to award attorneys' fees because of the divorce count, as thereby the application of section 87 would be annulled.

Section 137.3, Civil Code, provides: "During the pendency of any action for annulment in which costs and attorney's fees are authorized by Section 87 of this code and of any action for divorce . . . the court may order the husband . . . to pay such amount as may be reasonably necessary for the cost of maintaining . . . the action . . ." Thus, in an action for divorce the code does not require the wife asking for fees to produce evidence to show that she is the innocent party in the action. However, in an action for annulment, section 137.3 requires that the fees be authorized under section 87. That section provides: "The court shall have power to grant attor-

---

[2]The court used the questionnaires of the parties for determining need and financial ability to pay.

neys fees and costs as provided by Section 137[3] in those annulment cases in which the party applying for such attorney's fees and costs *shall, upon hearing, be found to be innocent of fraud or wrongdoing* in inducing or entering into the marriage . . ." (Emphasis added.) Thus, so far as the code provisions are concerned, an annulment action differs from a divorce action, in that in the former the party seeking attorney's fees must affirmatively show herself to be free from fraud. This, plaintiff did not do. ██ She took the position that the charge in her complaint of fraud on the part of defendant was a compliance with section 87. But the allegations of the complaint are not enough. There must be evidence to support them so that the court may make the finding required by the section. ██ Moreover, there was the affidavit of defendant to the effect that he entered into the marriage in good faith intending to consummate it, but that plaintiff entered the marriage intending not to consummate it. Additionally, there was plaintiff's testimony that she had refused to consummate the marriage. While her testimony did not necessarily prove her guilty of fraud in entering into the marriage, it, in the absence of any evidence showing that she was justified in not consummating the marriage, corroborated defendant's affidavit to some extent. It is clear that plaintiff failed to meet the burden placed on her by section 87, of showing herself innocent of fraud.

In *Middlecoff* v. *Middlecoff* (1958), 160 Cal.App.2d 22 [324 P.2d 660], this court reversed an order of the superior court in an annulment action granting the wife attorney's fees and costs on the ground that no evidence was offered to show that she was "innocent of fraud" as required by section 87.

Plaintiff contends that even if not entitled to attorneys' fees and costs under the annulment count, she is entitled to them under the divorce count. This raises the question of whether on an application for attorney's fees and costs in a divorce action, the court may grant them where it appears that the marriage was only a ceremonial one, in which the applicant for fees had refused to consummate it.

██ As pointed out above, the code makes no requirement, as it does in annulment actions, that the applicant for fees prove herself to be the innocent party. However, the main

[3]In 1951 section 137 was rewritten and broken up into subdivisions, the one dealing with attorney's fees and costs being section 137.3. The reference to section 137 in section 87 should propery be section 137.3. (See 3 Witkin, Summary of California Law, p. 2854, § 32(b).)

question is whether to entitle one to attorney's fees it must be shown that the marriage was more than merely a ceremonial one, or if only a ceremonial marriage, that the applicant for fees was not the one who prevented the marriage from being consummated.

Section 55, Civil Code, provides: "Marriage is a personal relation arising out of a civil contract, to which the consent of the parties capable of making that contract is necessary. Consent alone will not constitute a marriage; it must be followed by the issuance of a license and solemnization as authorized by this code . . ."

Admittedly a ceremonial marriage took place, but the parties never thereafter cohabited or lived together as man and wife, and plaintiff, for what reason we do not know, refused to consummate the marriage. Defendant was denied the opportunity of showing, if he could, that at the time of the marriage ceremony plaintiff did not intend to consummate the marriage. If that were true, then the consent required by section 55, Civil Code, did not exist, and there was no real marriage. The right to attorney's fees and costs in a divorce action depends necessarily on there being a marriage.

That a mere ceremonial marriage is not enough to entitle the party responsible for the marriage ceremony not becoming a real marriage, to attorney's fees and costs, is well shown in *Dietrich* v. *Dietrich* (1953), 41 Cal.2d 497 [261 P.2d 269]. There, in an action for separate maintenance brought by the wife, the husband admitted that there had been a ceremonial marriage, but contended that there was no valid marriage. On her application for attorneys' fees, costs and support pendente lite, the trial court refused to permit the husband to offer proof intended to show that the marriage was invalid because the wife's previous divorce was invalid. The reviewing court upheld the action of the trial court "since it appears that there was a ceremony of marriage *coupled with an actual and bona fide assumption of marital relations,* and considering the character of the attack on the validity of the marriage . . ." (P. 504; emphasis added.) Applicable to our case is the following language (pp. 502-504): "It may be stated as a general rule that ordinarily if a ceremonial marriage is shown, *and if the ceremony is followed by the assumption of marital relations,* no further proof of the fact of marriage need be made in preliminary proceedings in order to sustain an award of temporary alimony, court costs and attorneys' fees, and an extended inquiry into close ques-

tions as to the validity of the marriage will not be, and need not be, allowed in such preliminary proceedings. ■ Fundamentally, as declared in *Colbert* v. *Colbert* (1946), 28 Cal.2d 276, 279 [169 P.2d 633], 'The existence of the marriage is a jurisdictional prerequisite for the right of the court to order support, costs, and counsel fees pendente lite in an action for divorce or separate maintenance. [Citations.] And the invalidity of the marriage, as is true of any jurisdictional prerequisite, may be shown at any time.' And as pointed out in *Carbone* v. *Superior Court* (1941), 18 Cal.2d 768, 771-772 [117 P.2d 872, 136 A.L.R. 1260], 'Even though the defendant in an action for divorce denies the existence of the marriage, the court may nevertheless make the order if defendant is given an opportunity to be heard and the marriage is proved by a preponderance of the evidence . . .'

■ "The above stated general rule does not mean, however, that the mere showing that the words of a marriage ceremony have been said, absolutely and in all events precludes a defendant on an order to show cause from being heard in challenge of the fact of marriage. Absurd results could follow if we accepted Carol's broad contention that in no event, on the hearing of an application for temporary alimony and suit money, can evidence tending to show the invalidity of an admitted ceremonial marriage be received; for example, a spouse could be required to pay temporary alimony even though he or she could show—and offered to show conclusively—that in the very same court the marriage now relied on had been previously annulled at the instance of the other spouse by a judgment which had become final and that such spouse had remarried. To absolutely exclude such evidence simply because of the fact that the parties had once participated in a ceremony of marriage would deny verity to the substance of the rule, as stated in the Carbone case, that 'Even though the defendant in an action for divorce denies the existence of the marriage, the court *may* nevertheless make the order *if defendant is given an opportunity to be heard and the marriage* is proved by a preponderance of the evidence.' (Italics added.) ■ An opportunity 'to be heard' means an opportunity to contest. To give full effect to the rule for which Carol contends would mean that the opportunity of an adverse party to be heard would be satisfied and concluded if he or she were permitted to be present when the one seeking temporary alimony produced an authenticated copy of a recorded certificate of marriage of the parties. Since,

as stated in the Carbone case, *supra* (at p. 772 of 18 Cal.2d), the adverse party, in response to an application for temporary support in a paternity or divorce action, 'must be given an opportunity to be heard and to present his evidence . . . [although] [t]he resulting judgment is temporary in effect,' it appears that in any given situation it must depend on the facts of the case whether evidence relating to the fact of marriage, and, in particular, evidence tending to show that a ceremonial marriage in fact amounted to no more than a marriage ceremony (i.e., was a mock marriage or, for any conclusive and readily provable reason was wholly void or had already been annulled or dissolved) may be properly excluded.'' (Emphasis added.)

In *Bancroft* v. *Bancroft* (1935), 9 Cal.App.2d 464 [50 P.2d 465], the court quoted with approval from *Brinkley* v. *Brinkley* (1872), 50 N.Y. 184, 193 [10 Am. Rep. 460] : '' '. . . ''And the principle at the bottom is this : Where, marriage in fact being denied, the affirmative is upon the party claiming to be the wife to show that an actual marital relation ever existed, there alimony will be denied until that fact is proven to the satisfaction of the court, or is admitted; for it is upon the existence of that relation alone that the right to alimony depends. Where an actual marital relation has been admitted or shown, and its existence in law is sought to be avoided by some fact set up by the husband, and it devolves upon him to show that fact, there alimony will be granted until that fact is shown; for the relation actually exists upon which the right to alimony depends, and the object of the litigation is to annul that actual relation by showing some other fact, the existence of which is denied. It may be said, too, that for the purposes of an application for temporary alimony there will not be need that the fact of marriage be so conclusively established as for the purpose of permanent alimony, or any other ultimate purpose of the action. It is for the interest of society and in aid of public policy that, where the married relation has been in fact assumed, it should not easily and capriciously be laid aside; and where it is averred by the putative wife and denied by the alleged husband, if she makes a reasonable plain case of its existence, she should be furnished with means of temporary support and of conducting the suit until the truth or falsehood of her allegations can be ascertained by the proofs formally taken in the case.'' ' '' (P.468.)

The rule seems to be that on an application for

attorney's fees and costs pendente lite, if it appears that there was a ceremonial marriage followed by the assumption of marital relationship or the parties living together as husband and wife (not necessarily that there be sexual relations), the courts will not consider evidence of the invalidity of the marriage, leaving that question for the trial on the merits, but on such application the court will consider whether in fact there has been a ceremonial marriage and the assumption of marital relations. Even there, where there is a conflict in the evidence, the court may allow fees and costs to the wife so as to enable her to prove that the ceremony and the assumption of marital relations actually took place. ▮ However, where, as here, it appears that there was only a ceremonial marriage, the court should not grant attorneys' fees and costs to the party at fault, unless a showing is made that there is good reason for such fault. This showing need not be as clear and as definite as would be required at the trial on the merits, but should be sufficient to show that the wife may have good reason for her refusing to consummate the marriage, and needs attorneys' fees and costs to enable her to complete her showing.

▮ Assuming, as contended by plaintiff, that ordinarily in an action for divorce, a ceremonial marriage is all that needs to be shown to entitle a plaintiff to suit money pendente lite, here, by reason of the procedure followed by plaintiff, the evidence shows that due to plaintiff's actions the ceremony was not followed by assumption of any type of marital relationship. In the face of such a showing it was an abuse of discretion for the court to grant plaintiff suit money pendente lite.

To allow, in this case, attorneys' fees and costs pendente lite, would completely annul the effect of section 87. At argument in this court, plaintiff admitted that she would not be entitled to attorneys' fees or costs to enable her to prosecute the annulment count, yet by joining that count with a divorce count, if the court granted her attorneys' fees and costs because of the divorce count, she would, in effect, be receiving attorneys' fees and costs to enable her to proceed with the annulment count.

In view of our decision, the motion to stay should be and is denied. The order is reversed. Each party shall bear his or her own costs.

Tobriner, J., and Duniway, J., concurred.