[Civ. No. 26851. Second Dist., Div. Two. Oct. 9, 1963.]

CARROLL C. CARLSON, Plaintiff and Respondent, v. DOLORES C. CARLSON, Defendant and Appellant.

Brown & Altshuler, Leo Altshuler and James J. Brown for Defendant and Appellant.

Edward M. Raskin, Gerald E. Lichtig and Paul P. Selvin for Plaintiff and Respondent.

ASHBURN, J.— Defendant Dolores C. Carlson appeals from an order dismissing for want of jurisdiction her motion to modify the interlocutory decree of divorce which had been granted to her and entered *nunc pro tunc* as of March 10, 1960.

The motion was noticed for hearing on September 7, 1960, but its presentation was deferred until March 16, 1962, pending disposition of a mandate proceeding wherein she sought to take the deposition of plaintiff Carroll C. Carlson in aid of said motion; the writ was granted by the Supreme Court on August 3, 1961, in *Carlson* v. *Superior Court*, 56 Cal.2d 431 [15 Cal.Rptr. 132, 364 P.2d 308].

It does not appear that any property settlement agreement was presented to the court at the trial but numerous dispositions of property were based upon stipulations apparently made in open court as in the paragraphs now quoted. The interlocutory judgment contains the following: "IT IS FURTHER ADJUDGED that, pursuant to stipulation of the parties, the following orders are made as to division of the community property of the parties: 1. Plaintiff is awarded as his sole and separate property the following: ... f) An equal interest with defendant in the Stanford Apartments in Santa Monica (1233 Stanford), legal description attached. ... 2. Defendant is awarded as her sole and separate property the following: ... f) An equal interest with plaintiff in the Stanford Apartments in Santa Monica (1233 Stanford Avenue)." The motion to modify is based upon a written agreement dated June 6, 1960, which is set forth in the foot-

note.[1]

Plaintiff claimed that delivery of the stipulation was conditional and that he rescinded same before such delivery was effected. The stipulation was not made until after entry of interlocutory decree and was never presented to the court for its approval except through the motion now under consideration. So far as the record discloses the court in disposing of the motion did not expressly decide the question of delivery but rested upon the jurisdictional point. The pertinent part of the order reads: ''Plaintiff now moves to dismiss this proceeding on the ground that the Court is without jurisdiction to entertain defendant's motion. After argument thereon, it

---

[1](Title of Court and Cause.) ''STIPULATION AND ORDER FOR MODIFICATION OF INTERLOCUTORY JUDGMENT OF DIVORCE.

''Plaintiff and Defendant hereby stipulate and agree as follows:

''That the Interlocutory Judgment of Divorce in the above entitled action entered on or about May 13, 1960 nunc pro tunc as of March 10, 1960, may be amended and modified as follows:

''1) The stipulation and judgment thereon as to division of community property, incorporated in the Interlocutory Judgment of Divorce, shall be amended to read as follows:

''It is hereby agreed between the parties that the Defendant is entitled, as her sole and separate property, to the entire interest of the parties in the Stanford Apartments in Santa Monica, California (1233 Stanford Avenue), and Plaintiff shall execute for the benefit of the Defendant any deeds required to transfer his interest in said property as of June 1, 1960.

'' 'It is further agreed between the parties that should the Defendant wife at any time in the future bring Court action for the purpose of increasing alimony, or for any purpose against the Plaintiff, she shall be obliged to pay attorney's fees and Court costs for herself and for Plaintiff. Should she request child support and prevail, she shall not be obliged to pay attorney's fees and Court costs.'

''This amendment to the Stipulation between the parties shall be incorporated in the Interlocutory Judgment of Divorce.

''DATED this 6th day of June, 1960.

''CARROLL C. CARLSON
''CARROLL C. CARLSON, Plaintiff
''DOLORES C. CARLSON
''DOLORES C. CARLSON, Defendant

''PHYLLIS Z. DEUTSCH
''PHYLLIS Z. DEUTSCH
''Attorney for Plaintiff
''WISEMAN AND ELMORE
BY [Signature not decipherable.]
Attorneys for Defendant

''IT IS SO ORDERED. DATED this day of June, 1960.

''JUDGE.''

50

is ordered—The Court lacks jurisdiction; motion to dismiss is granted; the defendant is relegated to the remedy of an independent action. Motion of defendant for attorney's fees is denied, on ground of lack of jurisdiction.''

We find in the record evidence which would have warranted a holding that the agreement had been made in contemplation of reduction to writing but not upon condition that that be done, in which case failure of the writing would not destroy the integrity of the agreement orally made. *King* v. *Stanley*, 32 Cal.2d 584, 591 [197 P.2d 321] : ''There was no determinable intent to reduce these informal writings to a formal written contract. The existence of such intent would not necessarily prevent a binding obligation from arising, notwithstanding the contemplated written or formal contract was never executed (*Gavina* v. *Smith*, 25 Cal.2d 501, 504 [154 P.2d 681] ; *Levin* v. *Saroff*, 54 Cal.App. 285, 289 [201 P. 961]), unless it also appeared that the parties agreed or intended not to be bound until a formal written contract was executed (*Patch* v. *Anderson*, 66 Cal.App.2d 63 [151 P.2d 644]).'' See also, *Gavina* v. *Smith*, 25 Cal.2d 501, 504 [154 P.2d 681] ; *Louis Lesser Enterprises, Ltd.* v. *Roeder*, 209 Cal. App.2d 401, 404-405 [25 Cal.Rptr. 917]. There was also substantial evidence that the modification was to become effective only if the accord as reduced to writing was delivered to appellant's attorney after signature and prior to presentation to the court. Had the court found the existence of such a condition and failure to fulfill it, it normally would have denied the motion upon the merits, but this it did not do for its ruling was expressly based upon want of jurisdiction.

█ The general rule is that a property division contained in a divorce decree is modifiable only through application of the rules governing judgments generally. *Leupe* v. *Leupe*, 21 Cal.2d 145, 148 [130 P.2d 697] : ''...[T]he decisions establish that the trial court is without jurisdiction to modify an unqualified disposition of property rights made in an interlocutory decree of divorce except in accordance with the methods applicable to the judgments generally....'' See also, *Bowman* v. *Bowman*, 29 Cal.2d 808, 814 [178 P.2d 751, 170 A.L.R. 246] ; *Dupont* v. *Dupont*, 4 Cal.2d 227, 228 [48 P.2d 677] ; *Harrold* v. *Harrold*, 127 Cal.App.2d 582, 583-584 [274 P.2d 183]. █ Moreover, '' '[a] divorce decree adjusting the property rights of the parties is not subject to modification regardless of whether or not it is based upon the agreement of the parties.' '' (*Codorniz* v. *Codorniz*, 34 Cal.2d

811, 814 [215 P.2d 32].) It has been declared repeatedly in cases involving integrated property settlement agreements that a change in the court's property dispositions cannot be made without the consent of the parties. Among others which so declare are the cases of *Dexter* v. *Dexter*, 42 Cal.2d 36, 40 [265 P.2d 873]; *Plumer* v. *Plumer*, 48 Cal.2d 820, 824 [313 P.2d 549]; *Messenger* v. *Messenger*, 46 Cal.2d 619, 628 [297 P.2d 988]. Implicit in these decisions is the qualification announced in *Flynn* v. *Flynn*, 42 Cal.2d 55 [265 P.2d 865], to the effect that property settlement agreements may specify conditions under which, and terms upon which, the agreement and the decree based upon it may be modified, and that these provisions when incorporated in the decree— when thus merged in it (*Hough* v. *Hough*, 26 Cal.2d 605, 609 [160 P.2d 15])—may be followed by the court in modifying the decree. The court said in *Flynn, supra*, at page 61: "The agreement provides that defendant shall make payments totaling $18,000 per year or 10 per cent of his gross income as therein defined, whichever is less. In no event, however, is he to pay less than $9,000 per year unless his gross income falls below the sum of $90,000 per year and so continues for a period of one year or more, for any reason except his wilful refusal or neglect to seek, obtain or accept employment. If his income does fall below $90,000 per year for other than the excepted reasons and so continues for a year or more, the agreement provides that he may petition the court in the divorce action to reduce the payments until his income again rises to $90,000 a year or more. Since the parties have provided that the court may modify the payments ordered pursuant to the terms of their agreement, the court has jurisdiction to do so in accordance with the agreement. (*Miller* v. *Superior Court*, 9 Cal.2d 733, 740 [72 P.2d 868]; *Hogarty* v. *Hogarty*, 188 Cal. 625, 628 [206 P. 79]; see *Fox* v. *Fox, ante*, [42 Cal.2d] p. 49 [265 P.2d 881].) At the time the order was entered in this case, however, the record indicates that, although defendant had been unable to work for several months, his income had not remained below $90,000 for one year and therefore an order reducing the payments would have been improper. He may renew his motion for a reduction in the monthly payments in accordance with the terms of the property settlement agreement any time the facts so justify." This implies advance consent, approved by the court and incorporated in its judgment by way of reservation of jurisdiction.

In *Campbell* v. *Campbell*, 178 Cal.App.2d 77, 80 [2 Cal. Rptr. 710], this court, after citing *Flynn, supra,* and other cases, said: "They establish the rule that an alimony award based upon the terms of an integrated property settlement agreement which has been incorporated into the interlocutory decree can be modified only to the extent and in the manner prescribed by the underlying agreement."

■ Examination of the cases reveals that the incorporation of the integrated property agreement into the decree operates to reserve in the court jurisdiction to act in accordance with its terms at any appropriate time, just as section 139, Civil Code, effects such a reservation with respect to alimony and child support. (*Simpson* v. *Simpson*, 134 Cal. App.2d 219, 221 [285 P.2d 313]; *Duque* v. *Duque*, 155 Cal. App.2d 142, 144 [317 P.2d 63]; *Rosher* v. *Superior Court*, 9 Cal.2d 556, 559 [71 P.2d 918]; *Adams* v. *Adams*, 29 Cal.2d 621, 624-625 [177 P.2d 265].) That this is a retained jurisdiction which results from the incorporation of the property agreement into the divorce decree is recognized in *Hogarty* v. *Hogarty*, 188 Cal. 625, 628 [206 P. 79], and *Anthony* v. *Anthony*, 94 Cal.App.2d 507, 512 [211 P.2d 331].

It is plain that reservation of jurisdiction of the court connotes action taken before rendition of the judgment, ordinarily an express reservation stated therein. However, some doubt seems to be thrown on this proposition by the case of *Miller* v. *Superior Court*, 9 Cal.2d 733 [72 P.2d 868], wherein the court, after the divorce decree became final, made a modification in the amount to be paid by defendant to plaintiff pursuant to an agreement made after the decree was entered; this was upheld against an attack of defendant in a contempt proceeding brought against him. The court at page 740 said: "In the instant case the contempt proceeding is based on the subsequent order of June, 1936, ordering defendant to pay $75 a month in accord with the later agreement. Where the court makes an order to pay, as in the instant case; we are of the view that it may properly be said to have made an 'allowance to the wife for her support' within the meaning of section 139 of the Civil Code. Although in this situation the court does not have power to modify the order in the absence of agreement of the parties, since the order also approved the property agreement (*Ettlinger* v. *Ettlinger, supra* [3 Cal.2d 172 (44 P.2d 540)]), where the parties subsequently make a valid agreement for a lesser amount, as in the case herein, the court, under the power to modify given by section 139, may

bring its order into line with said subsequent agreement."
Essentially this was an exercise of the jurisdiction reserved
to the court by section 139, Civil Code, and does not bear direct-
ly upon the subject now in hand.

The matter is clarified we think in *Grant* v. *Superior
Court*, 214 Cal.App.2d 15 [29 Cal.Rptr. 125], hearing in
Supreme Court denied. That was a proceeding to review an
order holding petitioner in contempt for violation of an order
modifying a divorce decree. The interlocutory judgment had
divided and awarded the community property but had made
no award of alimony. Final decree followed in due time and
by its terms all the community property (except a television
set) was awarded to plaintiff. It also provided for payment
to plaintiff of $900 at the rate of $75 a month. The judgment
was endorsed "Approved as to Form" by defendant's then
attorney. At pages 20-21 the court said: "It is well settled
that where, as here, an interlocutory judgment of divorce has
become final in the sense that it is no longer subject to ap-
peal, motion for new trial or relief pursuant to section 473 of
the Code of Civil Procedure, it is res judicata on all ques-
tions determined therein including the property rights of the
parties. Absent any continuing authority of the court to modify
its orders relating to alimony, the trial court is without juris-
diction to vacate or modify such judgment in any way. ...
Where an interlocutory judgment of divorce has become final
and the court has lost jurisdiction to change or modify it,
such jurisdiction cannot be conferred on the court even by
the consent of the parties. (*Bacigalupi* v. *Bacigalupi, supra*,
72 Cal.App. 654, 659 [238 P. 93]; *Baxter* v. *Baxter* (1935) 3
Cal.App.2d 676, 686 [40 P.2d 536]; *Gillespie* v. *Andrews*
(1926) 78 Cal.App. 595, 598 [248 P. 715].)" The cited cases
were then reviewed and it was shown that they support the
portion of the text we have just quoted. At pages 23-24 it
was further said: "From all of the foregoing we reach these
final conclusions: The final judgment ordered defendant to
pay plaintiff $900 (an order admittedly not complied with)
for an unspecified purpose. If such order is for the support
of the plaintiff it is clearly beyond the court's jurisdiction
since the interlocutory decree, by failing to so provide, termi-
nated all liability for support (*McClure* v. *McClure, supra*, 4
Cal.2d 356 [49 P.2d 584, 100 A.L.R. 1257]; *Wilson* v. *Su-
perior Court, supra*, 31 Cal.2d 458 [189 P.2d 266]; *Peer* v.
*Superior Court, supra*, 158 Cal.App.2d 477 [322 P.2d 529]).
If such order represented a disposition of community prop-

erty, it was still beyond the court's jurisdiction, since the court had no jurisdiction to modify the disposition of community property contained in the interlocutory judgment. The final decree does not show that such order was part of an award of community property acquired after the interlocutory judgment but on the contrary shows that it was, if not an award of support, part of an over-all alteration of a previous judgment dealing with an award of money, the payment of bills, and an order for attorney fees. In either event, the order for the payment of $900 and all other orders contained in the final judgment inconsistent with corresponding orders in the interlocutory judgment, except of course the order granting the divorce and dissolving the marriage, were beyond the jurisdiction of the court and void. Although the approval of the form of the proposed final judgment of divorce by defendant's attorney would not alone engraft on the document a contractual agreement or constitute an assent by the defendant to be bound by the terms of the judgment (*Leupe* v. *Leupe* (1942) 21 Cal.2d 145, 150-151 [130 P.2d 697]) nevertheless, assuming *arguendo*, that it was tantamount to a written consent of both parties to the terms of the judgment, the parties were powerless to confer on the court jurisdiction to change or modify the interlocutory judgment. (*Bacigalupi* v. *Bacigalupi, supra,* 72 Cal.App. 654 [238 P. 93]; *Baxter* v. *Baxter, supra,* 3 Cal.App.2d 676 [40 P.2d 536]; *Gillespie* v. *Andrews, supra,* 78 Cal.App. 595 [248 P. 715].)'' At page 25 the court cautioned that the views expressed by it should not ''be deemed to preclude the parties from seeking in an appropriate independent action a determination of any community property rights arising after, and not adjudicated in, the interlocutory judgment of divorce. (See *Estate of Williams* (1950) 36 Cal.2d 289, 292-293 [223 P.2d 248, 22 A.L.R.2d 716].)''

*Carr* v. *Carr,* 165 Cal.App.2d 568 [332 P.2d 185], upon which appellant relies heavily, is not opposed to these views. It does not touch upon the vital point discussed in *Grant, supra.*

 Upon principle and authority we conclude that if it be assumed in petitioner's favor that the instrument of June 6, 1960, was a complete agreement, unconditionally delivered, nevertheless the trial court had no jurisdiction to entertain the motion to modify based upon it because the court's jurisdiction in the matter of disposing of the property of the spouses had not been reserved but had been exhausted in the

making of its judgments and jurisdiction thus exhausted could not be revived by an agreement attempting to confer such jurisdiction after same had expired.

The ruling with respect to this matter is correct.

█ Appellant's second point is: "The trial court had the jurisdiction to award attorneys' fees and costs to appellant."

The matter is not approached from the standpoint of the penultimate paragraph of the agreement of June 6, 1960, and we therefore deem that point, if one there be, to have been abandoned.

Appellant's argument is based upon the statute, section 137.3, Civil Code, and decisions deemed pertinent. In effect counsel says that regardless of the court's want of jurisdiction to act upon the major aspects of appellant's motion, same should be entertained for the purpose of awarding attorney fees and costs to her in connection with its presentation. No authorities so holding have been cited.

Cases upon which appellant relies do not sustain that proposition. *See* v. *Superior Court,* 55 Cal.2d 279 [10 Cal.Rptr. 634, 359 P.2d 32], was a case in which an independent equity suit was being maintained by the wife to vacate parts of the decree which incorporated part of a property settlement agreement. She moved for an allowance of temporary alimony, child support and suit money. The lower court had refused to entertain the motion upon the ground that it had no jurisdiction. The Supreme Court granted mandamus requiring it to entertain the motion because the equity suit was a proper one in which the wife was entitled to such incidental allowances. In no sense does the opinion declare a right to attorney fees and costs for presenting a motion which the court has no jurisdiction to entertain. *Lerner* v. *Superior Court,* 38 Cal.2d 676 [242 P.2d 321]; *Dexter* v. *Dexter,* 42 Cal.2d 36 [265 P.2d 873]; and *Kohn* v. *Kohn,* 95 Cal.App.2d 708, 722 [214 P.2d 71], were appeals from judgments and of course the right to allowance of suit money clearly existed regardless of the nature of the question involved in the appeal.

The fact that jurisdiction to entertain the proceeding, whether a motion or something else, is essential to incidental relief such as suit money, is recognized in numerous situations; the cases indicate that no allowance could be made here in aid of a motion calling for extrajurisdictional action of the court. *Carter* v. *Carter,* 192 Cal.App.2d 838, 844 [13 Cal.Rptr.

922], holds that existence of a marriage is a jurisdictional prerequisite to a valid order for support, costs and counsel fees in an action for divorce or separate maintenance. Prior to amendment of section 137.3 an order directing a wife to pay support or court costs to her husband was void for want of jurisdiction (*Norman* v. *Superior Court,* 75 Cal.App. 705, 708 [243 P. 451]), though the court had clear jurisdiction over the suit in which the motion was made. *Kruger* v. *Superior Court,* 138 Cal.App. 485 [32 P.2d 684] holds, as stated in the syllabus: ''The superior court, after it has lost jurisdiction to set aside or modify an interlocutory decree of divorce in which no provision was made for alimony, is without jurisdiction in the divorce action to award to the wife counsel fees and costs for the purpose of prosecuting an independent action against the husband, and is without jurisdiction in the divorce action to award her maintenance and support during the pendency of such independent action.'' These are but examples of a basic truth that a legal move made outside the confines of the court's jurisdiction cannot sustain as a valid incident any allowance for prosecuting such unauthorized proceeding.

There was no error in the ruling with respect to the application for allowance of costs and attorney's fees.

Order affirmed.

Fox, P. J., and Herndon, J., concurred.

A petition for a rehearing was denied November 7, 1963, and appellant's petition for a hearing by the Supreme Court was denied December 4, 1963.