[Civ. No. 28232. Second Dist., Div. Two. Dec. 15, 1964.]

MARIE E. KINSEY, Plaintiff and Appellant, v. IRA W. KINSEY, Defendant and Respondent.

Walter H. Young for Plaintiff and Appellant.

Jerome J. Mayo for Defendant and Respondent.

HERNDON, J.—Plaintiff appeals from an order denying her motion to modify the interlocutory judgment of divorce theretofore entered. From the pleadings, the pretrial order incorporating the joint pretrial statement, and the interlocutory judgment of divorce, it is clear that both parties sought and obtained a final determination of all their respective

property rights. The provisions of said interlocutory judgment relating to the property of the parties and their respective rights therein were expressly based upon the stipulation of the parties made at the trial of the action which proceeded upon the complaint as a default.

This interlocutory judgment is now final, no appeal having been taken therefrom and no relief therefrom having been sought within the time allowed by section 473 of the Code of Civil Procedure.[1] Said judgment contained no provision retaining jurisdiction in the court to modify the division of property therein made other than the following:

"IT IS FURTHER ADJUDGED that the following provision regarding the division of certain stocks is based upon a stipulation of the parties in open court in which the plaintiff has relied upon the representations of the defendant, through his counsel, made in open court, that there are no other securities, cash, or cash in banks, other than the items specified below, and it is ordered that if any additional assets of this character are later discovered to have been in existence on August 20, 1962, they shall be divided equally between the parties, and defendant has further represented that the only loans, liens, or encumbrances on any of said stock are the two amounts due banks which are hereinafter set forth." Plaintiff, of course, does not rely on this clearly inapplicable provision as the basis for the modification, the denial of which she challenges on this appeal.

Despite these undisputed jurisdictional facts, plaintiff sought to modify the property provisions of this interlocutory judgment by her motion made more than 11 months after its entry. She sought to add thereto an order awarding to her one-half the payments due to defendant from his company's noncontributory pension plan in the event of his retirement.

We need not now undertake to determine whether such an order regarding this particular pension plan would have been proper if originally it had been made part of the division of the community property of the parties affected by the interlocutory judgment in order to hold that the judgment actually entered may not now be modified in this fashion. The controlling rule of law was very clearly and definitely stated in *Leupe* v. *Leupe,* 21 Cal.2d 145, 147-148 [130 P.2d 697], which

[1] A final judgment of divorce was also entered between the time plaintiff filed her application for modification and the hearing held thereon, the parties stipulating that the entry of such final judgment should not prejudice any rights plaintiff might theretofore have possessed.

since has been consistently applied in an unbroken line of decisions. ■■■ It was therein stated:

"Appellant contends that the court had no jurisdiction to terminate the lien or to change other portions of the interlocutory decree relating to property after it had become final and the time for appeal or for relief under Code of Civil Procedure section 473 had expired. Respondent replies that any disposition of property rights by the interlocutory decree was not effective or conclusive until a final decree of divorce was entered, and contends, therefore, that the trial court retained power to modify its decree. This problem has been before our courts many times since the legislation of 1903 creating the present dual-decree divorce procedure. While the decisions have not been entirely consistent, no decision has been found that can sustain the order removing the lien. With the exception of certain language to the contrary, hereafter noted, the decisions establish that the trial court is without jurisdiction to modify an unqualified disposition of property rights made in an interlocutory decree of divorce except in accordance with the methods applicable to judgments generally, time for which had expired in this case before respondent's motion was made. Even though a final decree is not entered, the interlocutory decree becomes a conclusive adjudication and is res judicata with respect to all issues determined. (Citations.)"

Decisions such as *Gudelj* v. *Gudelj,* 41 Cal.2d 202 [259 P.2d 656], and *Wilson* v. *Wilson,* 76 Cal.App.2d 119 [172 P.2d 568], cited by plaintiff in support of her asserted right to modify the interlocutory judgment, are in nowise inconsistent with the quoted law of the *Leupe* case and are not supportive of plaintiff's contentions; they deal with direct appeals from the interlocutory judgment itself. The recent cases of *Grant* v. *Superior Court,* 214 Cal.App.2d 15 [29 Cal.Rptr. 125], and *Carlson* v. *Carlson,* 221 Cal.App.2d 47 [34 Cal.Rptr. 195] (hearings denied in each case), provide a comprehensive review of the decisions applying the rule established in *Leupe* and are determinative of the issue here presented.

The salutary nature of this rule is particularly apparent in the instant case. Plaintiff and her then counsel admittedly knew of the existence of defendant's employment pension plan at the time she entered into the stipulation regarding the disposition of the community property incorporated into the judgment, now final, which she here seeks to modify.

Plaintiff's present counsel expressly stated during the

instant proceeding: "I want to get the record clear. There is no contention that there has been any fraud or concealment." Plaintiff herself testified that the pension was discussed on the date the settlement of property rights was effected and stated that her own attorney "made the statement that at the time that Mr. Kinsey retired, that the case would have to be reviewed. At some time during that time it was stated that the income would be reduced. This is the only thing that I assume certainly we would understand at the time he was retired, that the income would be reduced."

■ Manifestly, it would be grossly inequitable to permit plaintiff to retain the benefits of the property settlement and the alimony payments as provided by the terms of the interlocutory judgment entered after the default hearing that resulted from the stipulation of the parties, and also now to permit her to "modify" this agreement in such fashion as to entitle her as a matter of right to one-half of defendant's future income in the event of his retirement. Plaintiff's present alimony award is subject to future modification and is ample protection for her future right to share in any income her husband may receive by reason of his pension payments. (Cf. *Williamson* v. *Williamson*, 203 Cal.App.2d 8, 12 [21 Cal.Rptr. 164] (hearing denied).)

The order under review is affirmed.

Roth, P. J., and Fleming, J., concurred.