[Civ. No. 9389.  Fourth Dist., Div. One.  Feb. 24, 1969.]

JOHN M. TUVE, Plaintiff and Respondent, v. HELEN M. TUVE, Defendant and Appellant.

Marion Sands Richards for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

WHELAN, J.—Defendant Helen M. Tuve appeals from an order granting plaintiff John M. Tuve's motion to modify, and modifying a judgment of divorce.

## HISTORY OF THE ACTION

An interlocutory decree of divorce was entered as of April 4, 1955 in favor of defendant. It contained the following provisions:

"It is further ordered that the defendant is awarded as her sole and separate property a ⅔ interest in the following described real property, together with the furniture and furnishings therein, . . .

". . . . . . . . . . . . .

"That defendant shall in addition to said ⅔ interest be allowed the use of said premises as a family residence for herself and said minor children free of any cost until the youngest of said minor children reaches the age of majority.

"That plaintiff is awarded a ⅓ interest in said· real property, said interest to be subject to defendant's right to use said premises as a family residence for herself and said minor children as above set forth. That said ⅓ interest shall also constitute security for the payment of support heretofore ordered."

The final judgment of divorce entered April 5, 1956, confirmed the provisions of the interlocutory decree.

The interlocutory decree did not contain any provision (a) restraining either party from transferring, subject to the burdens imposed by the decree, his or her separate estate of inheritance in the real property; (b) providing for sale or partition at the termination of the defendant's exclusive right of occupancy; (c) reserving jurisdiction to order partition and sale at the expiration of the period of exclusive occupancy; or (d) requiring defendant to maintain fire insurance.

On March 8, 1968, plaintiff filed a motion to obtain a modification of the divorce decree seeking a sale of the property and a division of the proceeds, an accounting of fire insurance proceeds paid defendant following a partial destruction by fire of the improvements on the real property, and *pro rata* reimbursement for taxes paid by plaintiff since the divorce decree.

Defendant was finally served with notice of the hearing of the motion under circumstances indicating the possibility she had evaded service. She appeared before the court on April 22 without counsel and obtained a continuance until April 25 at 9 a.m., when the matter was continued until 2 p.m., at which time defendant again appeared without counsel and the hearing of the motion was had.

It appeared from plaintiff's declarations in support of the motion that defendant had ceased to reside on the property after the fire, and did not maintain it; that the property then deteriorated and was the subject of a threat from county authorities to have the building razed as being a nuisance; that the youngest child would become of age in December 1968; that defendant had collected on a fire insurance policy and retained all the proceeds; that plaintiff had paid all taxes on the property, amounting to $2,200.

The court ordered that plaintiff was not entitled to any reimbursement from defendant for taxes paid. (We assume that is for the period of the exclusive occupancy "free of any cost.") It ordered defendant to account to plaintiff for the fire insurance proceeds, ordered immediate sale of the property and that from the proceeds one-third be paid to plaintiff plus an amount equal to one-third of the fire insurance proceeds, and appointed an elisor to effect the sale should defendant refuse to cooperate in making a sale.

### CONTENTIONS ON APPEAL

Defendant makes these contentions:
1. She was denied her constitutional rights to counsel by

refusal of the trial judge to grant her a reasonable continuance.

2. The court lacked jurisdiction (a) to modify a final judgment of divorce as it pertained to property rights by ordering a partition by sale of said property; (b) to make an award of or grant any lien on insurance proceeds out of the sale proceeds since the insurance was the personal property of the defendant.

### DENIAL OF RIGHT TO COUNSEL

■ Defendant has not presented a sufficient record on appeal to enable this court to say the trial court abused its discretion in denying a further continuance to defendant. We assume that the court did not abuse its discretion; it has not been shown that defendant was unable to arrange for representation by counsel in the time from the filing of the second notice of motion on March 20 until the matter was heard.

### LACK OF JURISDICTION TO MODIFY THE PROPERTY AWARD

■ The order must be reversed because the court did not have jurisdiction to order a sale of the property or the payment to plaintiff of any part of the fire insurance proceeds.

Section 146, Civil Code, empowers the court in a divorce action to order sale or partition of community property and a division or other disposition of the community property.

The court that made the divorce decree did not order a partition or sale but awarded the property in undivided interests, whereby the parties became tenants in common; it did not provide for an ultimate sale after the termination of what might be considered a homestead for a limited period; it did not reserve jurisdiction to order such a sale; and did not purport to prevent either party from selling his or her fee interest subject to such homestead rights and to a lien to secure payments of support.

The award of exclusive rights of occupancy for a limited period and the imposition of a lien to secure payments of support, considered as a provision for child support, might have been subject to modification (but see *Leupe* v. *Leupe,* 21 Cal.2d 145, 150 [130 P.2d 697] ; *Estate of Teel,* 34 Cal.2d 349 [210 P.2d 1] ).

That, however, would not reopen the whole matter of the disposition of the property. It was possible that the rights of either of the parties in the fee might have passed to someone not a party to the suit, as in *Woods* v. *Bradford,* 254 Cal. App.2d 501 [62 Cal.Rptr. 391].

Having made a disposition of specific community property, the court was without further jurisdiction over such property after the entry of the final decree; even agreement of the parties that the court might modify the decree could not confer jurisdiction to do so (*Carlson* v. *Carlson*, 221 Cal. App.2d 47 [34 Cal.Rptr. 195]).[1]

Similarly, the court was without jurisdiction in the divorce action after the final decree had been entered to order defendant to account for fire insurance proceeds that came into being after the parties were no longer husband and wife.

There may, of course, exist facts that might be shown in a proper proceeding giving rise to a legal or equitable obligation with regard to the fire loss or the insurance money.

Nothing in the record before us so much as shows a basis for declaring the husband entitled to any part of the insurance money.

The plaintiff must be relegated to another action or actions to obtain partition and such other rights as he may have.

The order appealed from is reversed.

Brown (Gerald), P. J., and Coughlin, J., concurred.

---

[1]The power of the court to divide community property that has not been disposed of is not necessarily dependent upon its disposition by a decree of divorce (*Lorraine* v. *Lorraine*, 8 Cal.App.2d 687 [48 P.2d 48]).