[S. F. No. 1675.  Department Two.—November 2, 1900.]

## JULIA SCOTT O'BRIEN, Respondent, v. MICHAEL O'BRIEN, Appellant.

DIVORCE—JUDGMENT DISSOLVING MARRIAGE—SUBSEQUENT ORDER FOR ALIMONY.—Where a final decree is entered in an action of divorce dissolving the marriage, in which no mention is made of counsel fees or alimony, the trial court is without jurisdiction to subsequently make an order granting alimony or counsel fees.

APPEAL from an order of the Superior Court of the City and County of San Francisco. A. A. Sanderson, Judge.

The facts are stated in the opinion.

Beatty & Beatty, and Beatty & Sanderson, for Appellant.

Henley & Costello, for Respondent.

CHIPMAN, C.—Action for divorce. On July 25, 1895, the trial court entered its final decree dissolving the bonds of matrimony theretofore existing between the parties. No mention was made in the decree of counsel fees or alimony. Subsequently, to wit, on October 1, 1895, a motion was served on defendant that plaintiff would, on October 4, 1895, move the court for an order awarding plaintiff counsel fees and alimony.

Pursuant to the motion, the judge made an order granting permanent alimony of sixty dollars per month and four hundred dollars counsel fees. Defendant appeals from this order. There is no brief on file for respondent.

It was held in *Howell v. Howell,* 104 Cal. 45, that where a final judgment has been rendered in a divorce suit, and the time for appeal has passed, settling the property rights of the parties, without reserving jurisdiction (when that can be done) to make a supplemental decree, and the judgment is final in form and substance, it is as final as any other kind of a judgment, unless power to modify it is given by some statute. The statutes on the subject were pointed out, and it was held that there is no statutory provision giving jurisdiction to make the order appealed from in that case.

In a former appeal of the present case, S. F. No. 1070, the question related to the power of the court to amend the decree *nunc pro tunc,* by inserting therein a reservation over the subject of alimony and counsel fees, and it was held to be beyond the power of the court to do so. (*O'Brien v. O'Brien,* 124 Cal. 422.) It was there said: "When the court entered its final decree of July 25th, it had no further jurisdiction over the parties or the subject matter." (Citing *Howell v. Howell, supra.*)

We think the jurisdiction to make the order was adversely determined in the former appeal when it was held to be beyond the power of the court to amend the decree in the manner attempted. Upon the authority of *Howell v. Howell, supra,* and the decision in the former appeal of this case, the order should be reversed.

Haynes, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the order is reversed.          Henshaw, J., McFarland, J., Temple, J.