CAMERON, Appellant, v. CAMERON, Respondent.

(140 N. W. 700.)

**Divorce—Alimony—Allowance After Judgment—Relevancy.**

> Where no alimony was asked or allowed when a divorce was awarded a wife, and no provision in the decree reserving allowance of alimony at a future time, the judgment is conclusive on the subject of alimony and allowances; none having been ordered in the judgment, the court cannot subsequently order an allowance under Sec. 92, Civ. Code, providing for such allowance where divorce is granted for husband's offense and for modification of its orders from time to time; there being no original order to modify.

(Opinion filed March 31, 1913.)

Appeal from Circuit Court, Davison County. Hon. FRANK B. SMITH, Judge.

Action for divorce by Lesbie G. Cameron against Alexander Cameron. A judgment was rendered for divorce in favor of plaintiff, and plaintiff petitions, by motion in the original action,

for an allowance of alimony. From an order denying the petition, plaintiff appeals. Affirmed.

*A. L. Daley,* and *J. Ingham,* for Appellant.

There is nothing in the statute, or in the nature of the case, requiring the divorced wife to remain a resident of the state in order to permit either party to apply to the court for a modification of the decree on the subject of alimony. The status of the parties is settled by the divorce decree; only simple property interests are here involved.

If the court had jurisdiction to grant the original divorce it would also have jurisdiction to modify its decree. No summons was required to be served with the motion papers in the case, as it is not the commencement of a new action.

At common law alimony is a mere incident of a divorce suit. The rule is laid down, 2 Bishop on Marriage, Divorce and Separation, Section 822, that divorce proceedings should properly always remain open, "a result of all which is that a divorce suit, other than a suit for nullity can accomplish its true end only by remaining perpetually open, to the extent of receiving applications for such variations of the sentences from time to time as the changed circumstances of the parties and their children require."

Bishop also lays down the rule that the better practice is not to set out any facts in relation to alimony in the complaint. After a divorce is granted, if no provision is made for alimony, application may be made to the same court, if the conditions of the parties have changed, for the allowance of alimony. Id. Section 1068; Sec. 92, Civ. Code, S. D.; Greenleaf v. Greenleaf, 61 N. W. 42.

The proper practice to pursue is by a motion, based on affidavits, to modify the judgment. It must be made to appear that the conditions have so materially changed that it would be to the interests of justice to modify the decree.

The question of alimony is wholly independent of the question of divorce. In the nature of things, unless a divorce is first granted to the wife for an offense of the husband there is no occasion even for offering evidence bearing on the question of alimony. This view is clearly sustained by this court in Williams v. Williams, 61 N. W. 38. In that case the divorce was granted in March and a trial on the question of alimony was had in August

of the same year.    The practice in all the South Dakota cases has been by motion, with the ordinary notice.

It would seem that a complete answer to all these objections is that the statutes of the state provide that the court may from time to time modify its orders in respect to alimony to the wife. The only thing to be considered are the circumstances of the parties respectively.

It has been held in New Hampshire, where the statute relating to  revision of divorce decrees is 'very similar to that of this state, that an application for alimony may be made at any time after divorce where no alimony was sought at the time the divorce was granted.    Cross v. Cross, 63 N. H. 444; Sheafe v. Sheafe, 24 N. H. 564.

Even where the wife disclaims alimony in open court, at the time the divorce is granted, she may afterwards maintain a claim for alimony by showing a change in circumstances of herself and husband.    M'Karracher v. M'Karracher, 3 Yeates, 56.

So in Mississippi the omission of alimony from the divorce decree will not affect her right to obtain the same, at a subsequent time, for good cause.    Shotwell v. Shotwell, 1 Smedes & M. Ch. 65; Lawson v. Shotwell, 27 Miss. 630.

"The power of the court to award alimony to the wife in a divorce suit does not depend on the fact that some alimony was awarded at the time the judgment for divorce was granted.    The fact that no alimony was then awarded by the court is no bar to its being afterwards awarded."    Cook v. Cook, 56 Wis. 220, and 14 N. W. 33, 443.

The Wisconsin case of Crugom v. Crugom is very similar in many respects to the instant case.

Statutes of this character, as said by the court in the case of Campbell v. Campbell, 37 Wis. 207, proceed "upon the natural duty of the husband to support the wife after, as well as before, divorce, and that it should be liberally construed to enforce that duty."    See also Williams v. Williams, (S. D.) 61 N. W. 38.

*J. E. Whiting,* for Respondent.

The general rule is thus stated in 14 Cyc. 669: "It is the general rule sustained by the weight of authority that an application for permanent alimony will not be entertained after a judgment for

divorce has been rendered, and that this is so whether the divorce is absolute or limited."

In Downing v. Downing, 98 Alabama, 373, the court holds that even where alimony is granted in proceedings seeking alimony as sole relief, courts will not award permanent alimony after a judgment of absolute divorce; and in Harrison v. Harrison, 20 Alabama, 629, in upholding the same doctrine, the court says that the reason for this rule is that an absolute divorce puts an end to the marriage relation and as a consequence all duties and obligations necessarily dependent upon that relation immediately ceases. Indiana holds the same. Fischli v. Fischli, 1 Blackf, 360; same decision in 12 American Dec. 251; and in Iowa, Alderson v. Alderson, 84 Iowa, 198; same decision 50 N. W. 102; Van Orsdale v. Van Orsdale, 67 Iowa, 35; Rouse v. Rouse, 47 Iowa, 422; also in Kentucky, Campbell v. Campbell, L. Rep., 53; also in Michigan, Morass v. Morass, 129 Mich. 27; also, in New York, on substantially the same statute as ours, Erkenbranch v. Erkenbranch, 96 N. Y. 456; Kamp v. Kamp, 59 N. Y. 212; Cullen v. Cullen, 55 N. Y., Supr. Ct., 346; and in Ohio, 28 Ohio, 596; Washington also; 32 Washington, 494.

Sec. 236, Code C. P. S. D., page 908, 1903 Code, defines a judgment as: "a final determination of the rights of the parties in the action." See also 2 S. D. 210; 2 S. D. 4668 S. D. 554.

Sec. 34 Civil Code: Marriage is dissolved by the judgment of court of competent jurisdiction decreeing a divorce to the parties.

"The effect of a judgment decreeing a divorce is to restore the parties to the state of unmarried persons." Sec. 66 Civil Code.

See also: Kamp v. Kamp, 59 New York, 212, and Egan v. Egan, 90 California, 15; 27 Pac. 22; Roseholt v. Mehus, 3, North Dakota, 513; Brady v. Kreuger, 8 South Dakota, 404.

McCOY, J. In this case it appears that in October, 1898, in the circuit court of Davison county, plaintiff commenced an action for divorce against defendant; that both plaintiff and defendant were residents of this state; that the summons was personally served upon defendant, and that he appeared and answered in said action, which answer was subsequently withdrawn; and that thereafter, on the 3d day of May, 1900, the following judgment, omitting formal parts, was rendered and entered: "And now, on this 3d day of May, A. D. 1900, comes the plaintiff, who alleges

and gives evidence concerning the allegations of her complaint, and the court, after hearing such evidence, and after having made its findings of fact and conclusions of law, it is now, on motion of Charles J. Farmer, attorney for the plaintiff, ordered, adjudged, and decreed that the bonds of matrimony now existing between the plaintiff and defendant be, and the same are hereby forever dissolved and annulled." Thereafter, in June, 1911, the plaintiff petitioned the said circuit court, by motion in the original action, to modify the said judgment of May 3, 1900, by allowing her permanent alimony in accordance with the prayer of said motion or petition. Said petition, in substance, alleged and recited the prior proceedings had in the action; that a changed property and financial condition existed in 1911 that did not exist in May, 1900; that neither she nor defendant had ever remarried; and that defendant has no one dependent upon him, and is abundantly able to support plaintiff comfortably the remainder of her life. Defendant appeared and resisted said motion and petition to modify said judgment upon the grounds, among others, that at the time said decree of divorce was granted no provision in relation to alimony was asked for or allowed, and no provision was placed in the decree reserving the allowance of alimony at any future time; that said petition should be dismissed for want of jurisdiction, and should be dismissed upon the merits; that said petition does not state facts sufficient to constitute any cause of action or any claim against the property of defendant. A hearing was had upon said petition and upon offidavits and counter affidavits of the respective parties. On June 29, 1911, the court made the following order: 'That the said application for the payment of alimony be and the same is hereby denied, and it is further ordered that said application for the payment of alimony to the plaintiff in any amount be and the same is hereby denied, and that the said application for the payment of alimony be and the same is hereby dismissed on the merits." From the order denying and dismissing the said motion and petition to modify said judgment the plaintiff appeals assigning as error the said ruling of the court.

Plaintiff based her contention and right to a modification of said judgment upon section 92 of the Civil Code, providing as follows: "Where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the

children of the marriage, and to make such suitable allowance to the wife for her support during her life, or for a shorter period, as the court may deem just, having regard to the circumstances of the parties respectively; and the court may from time to time modify its orders in these respects." We are of the opinion that, under the circumstances of this case, plaintiff's contention is not tenable. The provision of section 92, Civil Code, authorizing the court from time to time to modify its orders for the maintenance and support of the wife, contemplates that the right to alimony as well as other property rights shall have been presented in the action proper and established by the original judgment, and there can be no modification of an allowance for alimony where there is no allowance in the original judgment to modify. Section 139, Civil Code of California, from whence we obtained and adopted our Civil Code, is precisely the same as section 92 now under consideration. In the case of Howell v. Howell, 104 Cal. 45, 37 Pac. 770, 43 Am. St. Rep. 70, the precise question was before the Supreme Court of California, and in that case the court said: "Section 139 provides that, where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children, and to make suitable allowance for the support of the wife, and that 'the court may from time to time modify its orders in these respects.' But the latter section clearly contemplates that the right to alimony, as well as other financial and property rights, shall have been presented and litigated in the action for divorce and established by the judgment; and the provision is that, where the right to alimony has been thus established, the amount may be changed by a modification of the order. But in the case at bar there is nothing to 'modify.' After the judgment granting the divorce the plaintiff was no longer the wife of defendant, and he owed her no longer any marital duty. From that time she could enforce against him no obligation not imposed by the court at the time of the judgment. In this case at bar the judgment became final without any award of alimony, and, of course, the court could not afterwards 'modify' what never existed. In the cases cited by respondent the right to alimony had been established in the final decree, or the disposition of the question of alimony had been expressly reserved for further consideration. Our conclusion is that the court below had no jurisdiction to make

the order appealed from, and that the demurrer to the petition should have been sustained." Again in O'Brien v. O'Brien, 124 Cal. 427, 57 Pac. 227, and 130 Cal. 410, 62 Pac. 598, the Supreme Court of California adhered to this same rule, and said: "When the court entered its final decree without any reference to alimony, it had no further jurisdiction over the parties or the subject-matter." In the case of McFarlane v. McFarlane, 43 Or. 477, 73 Pac. 203, 75 Pac. 139, the Supreme Court of Oregon under a similar statute has reached the same conclusion and quotes with approval from Howell v. Howell, supra. In the case of Moross v. Moross, 129 Mich. 27, 87 N. W. 1035, the Supreme Court of Michigan under a similar statute, and under very similar circumstances relating to property matters, also reached the same conclusion, and said: "Had any provision for alimony been incorporated in the original decree, there can be no doubt that under this statute the court would have the power to grant a further allowance now. We think the court was not in error in holding that under this statute he had no power to grant alimony."

The original decree not having made any allowance of or reference whatsoever to alimony or support money for plaintiff, we are constrained to the view that there was nothing in said judgment to be, or that could be, modified in relation to the subject of alimony; that by not including alimony in the original judgment such judgment became final and conclusive upon the subject of alimony; and that no power or jurisdiction existed thereafter in that respect. If an allowance of alimony had been ordered and adjudged to be paid to plaintiff by defendant on the said motion and petition to modify the original judgment, it would not have been modification at all, but the creation of a new judgment on the subject of alimony, not theretofore existing in the cause. The continuing power to modify, comprehended in section 92, Civil Code, does not apply to any part of the original judgment in this case, but only applies to the subject of alimony, which might originally have been a portion of said judgment, but which was not.

There is also pending in this court in this same case an application on the part of plaintiff for suit money and attorney's fees pending appeal, and also a motion to correct decision on appeal by defendant from an order of the trial court allowing plaintiff suit money and attorney's fees pending this appeal. The view we have

taken of this case effectually disposes of the questions involved in the two other matters in defendant's favor, and it will serve no useful purpose to further refer thereto.

The judgment and order appealed from are affirmed.