ESTATE OF ESTELLE P. CLARK, DECEASED, STUART DAGGETT, SR., AND AMERICAN TRUST COMPANY, EXECUTORS OF THE LAST WILL AND TESTAMENT OF ESTELLE P. CLARK, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 100411.    Promulgated April 1, 1941.

*Reece Clark, Esq.*, for the petitioners.
*E. A. Tonjes, Esq.*, for the respondent.

### OPINION.

STERNHAGEN: The Commissioner determined deficiencies of $2,-365.06 and $1,149.14, respectively, in the income tax of Estelle P. Clark (called petitioner), for 1936 and 1937, periods prior to her death, September 19, 1937. The petitioner assails the inclusion in her income of amounts received from a trust. The facts are all stipulated.

The trust had been created in 1906 by petitioner's former husband in an agreement made in contemplation of a separation and in consideration "of the release by [her] of all further claims against [him] and his estate, for the support of herself and their child" and of her assumption of the maintenance, education, and support of the child during minority. The husband agreed "at all times to keep and maintain in the hands of the Trustee good, valid and marketable securities of a market value which shall at no time bear and yield an annual income of less than Twenty Five Thousand Dollars ($25,000)." The trustee was to pay this amount of income to the wife annually for life (or after her remarriage, $15,000), and to pay any excess income to the husband. In case of a deficiency in trust income, the husband agreed to pay the amount of it to the trustee. The wife was given the right to dispose by will of trust corpus of $150,000; upon her death, remaining corpus was to revert

to the husband. Husband and wife mutually released curtesy and dower rights in realty owned by each.

On October 1, 1906, petitioner procured an absolute divorce in South Dakota. After adverting to the fact that suitable provision had been made for the support of petitioner and the daughter, the court decreed "that no allowance be made the plaintiff for alimony, support or maintenance, and that in this respect this decree shall be final and not subject to future modification or amendment."

The trust was carried out; petitioner never remarried, and prior to 1930 the daughter attained her majority. The husband died on December 9, 1935. Petitioner died on September 19, 1937, a resident of California since 1930. She disposed by will of $150,000 of trust corpus, and that appointment is now the subject of litigation. During the husband's life, he made good deficiencies in trust income when it was less than $25,000. For the fiscal year ending July 7, 1937, there was a deficiency of $4,040.06, which petitioner's executors have recovered from the trustee by a judgment of the Supreme Court of New York, entered June 23, 1937, in which it was:

ORDERED, ADJUDGED and DECREED that the rights and obligations of the respective parties to the agreement of February 28, 1906, were intended by the parties to be in lieu of and in substitution for any and all obligations resting upon said James F. A. Clark for the maintenance or support of Estelle P. Clark; * * *

During the husband's life, amounts distributed to the wife out of income of the trust were excluded from her taxable income; but the Commissioner has now held that upon his death she became the sole beneficiary of the trust and liable under section 162 (b), Revenue Act of 1936, for tax upon the distributable income.

If the amounts petitioner received had been simple alimony paid by her husband during his life, they would not have been taxable income to her, *Gould* v. *Gould*, 245 U. S. 151; *Douglas* v. *Willcuts*, 296 U. S. 1; *Helvering* v. *Fitch*, 309 U. S. 149.[1] If the amounts had been simple periodic distributions of the income of a general nonalimony trust, she as beneficiary would have had to include them in her taxable income and the trustee would have had the right to deduct them, sec. 162 (b), irrespective of whether the settlor were her husband and were living or dead. But the trust was a *bona fide* alimony and maintenance trust, the purpose of which was to discharge the settlor's marital obligation to provide for his wife; and if the marital obligation continued to run and the payments to the wife served periodically to discharge it, the trust income so used was imputable to the husband

[1] For a comprehensive survey of the subject of alimony trusts, see Randolph E. Paul, Studies in Federal Taxation, Third Series, p. 243 et seq.

and within his taxable income, *Douglas* v. *Willcuts, supra; Helvering* v. *Fitch, supra; Helvering* v. *Leonard*, 310 U. S. 80.

The divorce court of South Dakota in 1906 recognized the separation agreement as making sufficient and suitable provision for the maintenance and support of the wife, and therefore provided no alimony, support, or maintenance. There is no doubt of the finality of the decree, *Cameron* v. *Cameron*, 140 N. W. 700. Under such an unchangeable decree, the broad rule of *Douglas* v. *Willcuts, supra*, is inapplicable and the income of the trust would not be imputed to the husband merely because it arose originally from a marital obligation, *Helvering* v. *Fuller*, 310 U. S. 69; *Helvering* v. *Fitch, supra*. This should be true, *a fortiori*, when the husband is dead and there is no longer a marital obligation for maintenance and support. Here the petitioner continued to receive the trust income after the husband's death, by reason of her continuing right as beneficiary under the trust agreement. It can no longer be regarded as coming from him in discharge of his marital duty to support her, but only from the trustee in discharging the trust, her exemption under the aegis of *Gould* v. *Gould, supra*, having ended with her former husband's death. Whether his estate be taxable or not is beside the point as to her liability. It is conceivable that a continuing obligation to make up deficiencies in income would survive the settlor's death and would continue also to invite the tax even though there is a tax upon her as a periodic distributee. This could be seen if the trust income had been charged with the continuing obligation to a service creditor, where both the settlor and the creditor might be respectively taxable.

The income of the trust distributable to the petitioner under the agreement is taxable to her as the beneficiary under the agreement, Revenue Act of 1936, sec. 162 (b). The Commissioner's determination is sustained.

*Decision will be entered for the respondent.*

