[Civ. No. 25264. Second Dist., Div. Two. Apr. 18, 1961.]

ALMA L. LISH, Appellant, v. RAY LISH, Respondent.

Irmas & Rutter and S. M. Irmas, Jr., for Appellant.

Walleck, Olstyn & Shane and Edward J. Olstyn for Respondent.

HERNDON, J.—This is an appeal from an order dismissing an order to show cause wherein appellant wife sought a modification of the provisions of the interlocutory and final decrees of divorce relating to alimony and attorney's fees. The order dismissing the order to show cause was made with-

out the taking of any testimony, the trial court holding that the provisions of the decrees were not subject to modification as a matter of law because the property settlement agreement incorporated into the divorce decrees was fully integrated. Appellant concedes that the property settlement agreement has been merged into the decrees by virtue of the language thereof.

The issues presented by the parties are: (1) whether the alimony and property settlement provisions of the instant agreement were integrated, and (2) whether the terms of the agreement are such as to indicate the intent of the parties that the alimony provisions remained subject to modification.

The resolution of these questions calls for an examination and analysis of the agreement here involved. It is recited that "[t]he parties hereto desire, by this agreement, to settle and adjust, as between themselves, their respective property rights, and to provide for the future support of wife." The community property is enumerated and described and provision is made for its division between the parties. Paragraph 9 reads as follows:

"9. SUPPORT OF WIFE: *Subject to the orders of any court of competent jurisdiction and not as a part of the division of the community property,* Husband agrees to pay to wife, for her support and maintenance the following sums, payable one-half on the 1st and one-half on the 15th day of each month, commencing on the 1st day of Aug., 1957.

"a. Until the residence of the parties described in paragraph 5a above has been sold, the husband will grant exclusive possession to the Wife and will pay to the Wife the sum of $550.00 per month. Out of this sum, the Wife will make all payments due or to become due to the beneficiaries under the various deeds of trust on said residence. Wife is also to pay the costs of upkeep on said house except that taxes, if any, and repairs in excess of $25.00 shall be borne equally between the parties.

"b. After the sale and conveyance of the above described residence Husband will pay to the Wife the sum of $325.00 per month, except when the income from employment by the Wife shall exceed $75.00 in any calendar month. In the event that the Wife's income from employment shall exceed $75.00 in any given month, then the Husband shall pay to the Wife the sum of $250.00 in the month next preceding the month when the Wife shall have earned and received the above amount. The Wife shall report to the husband on the

last day of each month, if gross amount of her earnings during said month was in excess of $75.00. For the purpose of this paragraph, the income from employment shall be the gross amount received from any and all employers as defined for Federal income tax purposes.

"c. The payments provided for in this section shall continue during the joint lives of the parties or until the wife shall remarry, but shall cease on the death of the Husband or the death or remarriage of the Wife." (Emphasis supplied.)

Paragraphs 10 and 11 relate to custody and support of the minor child of the parties and paragraph 12 is entitled "Releases of Rights." The pertinent provisions of paragraph 12 read as follows:

"a. Except as otherwise provided in this agreement, each party to this agreement does hereby release the other from any and all liabilities, debts or obligations of every kind or character, heretofore or hereafter incurred, and from any and all claims and demands, including all claims of either party upon the other for support and maintenance as Wife or as Husband, it being understood that this present agreement is intended to settle the rights of the parties hereto in all respects. . . .

"d. It is hereby agreed that any and all property acquired by either of the parties to this agreement from and after the effective date of this agreement shall be the sole and separate property of the one so acquiring the same; and each of the parties hereto does waive any and all right in or to such future acquisitions and does hereby grant to the other all such future acquisitions of property as the sole and separate property of the one so acquiring the same, *except that nothing contained herein shall prejudice or detract from Wife's right to seek modification by order of court of the amount of payments for her maintenance and support as provided in paragraph 9 of this agreement.*" (Emphasis supplied.)

■ From the quoted language of the agreement it appears to us that the parties clearly intended that the provisions of the agreement relating to alimony were severable and subject to modification upon a proper showing. In view of the emphasized provisions quoted from the agreement, it is unnecessary for us to decide whether it should be characterized as "integrated." The intent of the parties that the support provisions should remain subject to modification is so clearly and unequivocally expressed in paragraphs 9 and 12d that there seems to be no room for reasonable doubt. ■ It has been

346

held repeatedly that a support order, even though based upon an integrated agreement, may be modified if the parties so provide. (*Flynn* v. *Flynn*, 42 Cal.2d 55, 61 [265 P.2d 865]; *Plumer* v. *Plumer*, 48 Cal.2d 820, 825 [313 P.2d 549].)

We find no merit in respondent's argument that plaintiff's right to seek modification is limited only to a maximum of $325 per month provided to be paid if the wife's gross income does not exceed $75 for that month. We find nothing in the terms of the agreement to indicate any intent to impose such a limitation.

The order dismissing appellant's application for modification is reversed.

Fox, P. J., and Ashburn, J., concurred.