[Civ. No. 32605. Second Dist., Div. One. May 17, 1968.]

FRANK P. DE LUCA, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; DORA W. DE LUCA, Real Party in Interest.

DeSantis & Gordon and David L. Barg for Petitioner.

No appearance for Respondent.

Harris & Hollingsworth and Richard G. Harris for Real Party in Interest.

McCOY, J. pro tem.*—Petitioner, who is the defendant in an action, number SW D 8174 entitled De Luca v. De Luca, now pending in the Superior Court for Los Angeles County, seeks a writ of prohibition restraining the respondent court from enforcing an order made December 19, 1967, ordering him to pay certain sums to the real party in interest, the plaintiff in said action, for her support. We issued an alternative writ of mandate commanding the court to vacate that part of its order or to show cause why it had not done so. Since the issues raised go to the jurisdiction of the court to make and enforce the order, prohibition is the more appropriate remedy. Accordingly the alternative writ of mandate is discharged and the matter will be considered by us as though an alternative writ of prohibition had been issued in the first instance.

Plaintiff's action was filed in October 1963. An amended complaint filed in November 1964 incorporated the provisions of a "Property Settlement Agreement (Integrated)" effective January 1964, executed by the parties on August 3, 1964. By that agreement "Husband agrees to pay to wife for her support and maintenance the amount of $800.00 per month, payable in installments of $200.00 each on each of the first four Saturdays of each month, starting January 1, 1964, and continuing until husband dies or wife dies or remarries."[1] The agreement also contains a provision for the payment of lesser sums in the event of defendant's disability or unemployment. The interlocutory judgment filed February 10, 1965, approved the agreement but did not incorporate the above-quoted provision for plaintiff's support or order that it be performed, and did not contain any other provision for plaintiff's support. The final judgment of divorce dated

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

[1] The last two paragraphs of the agreement read: "XXII This agreement is entire. The parties may not alter, amend or modify it, except by an instrument in writing executed by both of them, and it includes all representations of every kind and nature made by each of them to the other.

"XXIII This agreement shall survive an interlocutory judgment of divorce or a judgment of Separate Maintenance. Each of the parties agrees not to request the merger or incorporation of this agreement into or as a part of an interlocutory judgment of divorce or a judgment of separate maintenance. Both agree that this agreement is conditional upon neither of them being subject to an order of the court in an action for divorce or separate maintenance directing the performance of the contractual rights and obligations created by this agreement."

December 20, 1965, was also silent on the subject of support for plaintiff.[2]

Some time after the entry of the interlocutory judgment in February 1965 plaintiff filed a separate action at law, number 872712, to recover the sums due for her support and for child support under the property settlement agreement which defendant had not paid. In March 1967 the court concluded as a matter of law that defendant was obligated to pay plaintiff for her support in the manner set forth in the property settlement agreement and that plaintiff was entitled to judgment "for sums unpaid under said agreement, in the sum of $800.00 per month for her support and maintenance from August 7, 1965, to November 1, 1966," the day the trial started, with interest. Judgment was entered accordingly. The findings recite that the agreement has not been modified by the judgment or by any subsequent orders in the divorce action. The parties state that an appeal has been taken from this judgment, but as of the present time no record on appeal has been filed with this court.

On July 11, 1967, the court issued an order in the divorce action requiring defendant to show cause why an order made January 6, 1966, with reference to the custody and support of the five minor children of the parties "should not be modified and further, different or additional Orders made, as requested" in the supporting declaration of plaintiff. After alleging certain facts relating to the necessity for her requested modification of the custody and child support provisions of the order of January 6, 1966, including an allegation as to defendant's income, plaintiff's declaration contains the following allegations: "Finally, defendant has totally and completedly [*sic*] repudiated and breached the Property Settlement Agreement between plaintiff and defendant, which was received into evidence as plaintiff's Exhibit I herein, in that he has refused since August 7, 1965 to pay any support to the plaintiff herein, although he agreed to do so in said Property Settlement Agreement in the amount of $800.00 per month, and plaintiff presently holds, a judgment of the Superior Court of the County of Los Angeles, State of California, in the amount of $11,699.00, for unpaid support to herself for the period ending November 1, 1966. Defendant likewise has refused to make any payments to the plaintiff as agreed in

[2]We are not here concerned with the provisions of the property settlement agreement and of the interlocutory judgment relating to custody and child support, or with the later proceedings in court with respect thereto.

Exhibit I herein, from and after November 1, 1966 and plaintiff has not received anything from the defendant for her support since August 7, 1965.'' She then requests an order ''directing the defendant to pay to the plaintiff as and for her support the sum of $800.00 per month, as in said Agreement provided, or alternatively, that the Court fix an amount of support to be paid by the defendant to the plaintiff, for her support, and order the defendant to pay same, according to his circumstances.''

Plaintiff's order to show cause was heard and submitted on December 8, 1967. On December 19, 1967, the court entered an order on its minutes modifying the interlocutory judgment in certain particulars with reference to the custody and support of the children. The court also made an order for the support of the plaintiff which reads: ''Support for Plaintiff-Alimony: Defendant is ordered to pay directly to plaintiff for her support, the sum of $800.00 per month, payable on the first day of each month, effective as of December 1, 1967; the payment for the months of December, 1967 and January, 1968 in the total sum of $1600.00 to be paid on or before January 1, 1968. Payments thereafter are to be made at the rate of $800.00 per month, to be paid on the first day of each and every month, said payments to continue until defendant has paid to plaintiff for and on account of her support, the sum of $24,000.00, at which time the payments hereunder shall be reduced to the sum of $400.00 per month. Payments hereunder shall cease upon the death or remarriage of plaintiff; should defendant be delinquent in any payments for plaintiff's support herein provided for a period in excess of 32 days, then automatically that part of this order reducing payments to $400.00 upon the payment of $24,000.00 shall be nullified and vacated.'' It is this part of the order of December 19 which is the subject of this proceeding.[3]

 Petitioner contends that in ordering him to make certain payments for the support of plaintiff the court

---

[3]In her answer to the alternative writ filed February 9, 1968, real party in interest contends that the petition to this court is premature because an application for a new trial on the issue of alimony was then pending in the respondent court which had not yet been acted on. Her notice of intention to move for a new trial was dated and presumably filed December 29, 1967. The attorneys for the petitioner have advised this court by letter that, as of May 9, 1968, the motion for a new trial ''has not been heard or acted upon, pending the determination of the Application for Peremptory Writ.'' Assuming that a motion for a new trial is proper in such a case as this, it seems to us that the motion must be deemed to have been denied by operation of law. (Code Civ. Proc., § 660.)

exceeded its jurisdiction. We agree. In this connection it is important to note just what was before the court when it made its order. The interlocutory judgment was filed February 10, 1965. On January 6, 1966, the court made an order modifying the provisions of the interlocutory judgment with respect to the custody and support of the children of the parties. On December 8, 1967, the defendant was before the court in response to an order requiring him to show cause why the order of January 6, 1966, relating to the custody and support of the children should not be modified. The order under review was made as a result of those proceedings. That order by its terms purported to modify the interlocutory judgment. It must be noted, however, that defendant had not been ordered to show cause why the interlocutory judgment should be modified in any way, particularly with reference to the matter of alimony, on which matter the interlocutory judgment was silent.

The primary question before us is whether, on December 19, 1967, in the circumstances of this case, the respondent court had any power to make an order requiring defendant to make any payments for the support of his former wife. We think that that question must be answered in the negative.

The jurisdiction of the court to make an order in a divorce action to make an award of alimony and to modify such an award is fixed and limited by section 139 of the Civil Code. At the time the interlocutory judgment in this case was filed on February 10, 1965, the court had the power, as it does now, to compel the defendant against whom the judgment was granted ''to make such suitable allowance for support and maintenance of the other party.'' That section also provided then as it does now, that that portion of the judgment making any such allowance ''may be modified or revoked at any time at the discretion of the court,'' with one exception not involved here; and further, that ''Except as otherwise agreed by the parties in writing'' the obligation of any party in any judgment or order for the support of the other shall terminate on the death of the obligor or the remarriage of the other party.

In the case at bench the respondent court made an order purporting to modify the interlocutory judgment, long after that judgment became final, by incorporating therein for the first time an allowance to be paid by defendant for the support of the plaintiff who had obtained that judgment. In doing so, the court exceeded its jurisdiction and the order is void. ■ ''It is well settled that a decree of divorce may be rendered which permanently relieves the husband from any

obligation to pay alimony in any sum. The decree has this effect where it expressly so provides, or where it neither awards alimony to the wife nor reserves the right thereafter to make an allowance for her support." (*McClure* v. *McClure*, 4 Cal.2d 356, 359 [49 P.2d 584, 100 A.L.R. 1257], citing, *inter alia, Bacigalupi* v. *Bacigalupi*, 72 Cal.App. 654 [238 P. 93].)[4]

Here, as in *Bacigalupi* v. *Bacigalupi, supra,* when the interlocutory decree of divorce was granted to the wife no provision was made for alimony for her own support. This being so, said the court (pp. 658-659), "the trial court was without jurisdiction to add such a provision by a modification of the decree. (*Howell* v. *Howell,* 104 Cal. 45 [37 P. 770, 43 Am.St.Rep. 70]; *O'Brien* v. *O'Brien,* 130 Cal. 409 [62 P. 598]; *McCaleb* v. *McCaleb,* 177 Cal. 147 [169 P. 1023].) If, therefore, the trial court was without jurisdiction to modify the interlocutory decree at the time and in the manner referred to, the stipulation of counsel purporting to authorize the court to make such a modification is of no importance as the parties could not by stipulation confer upon the court a jurisdiction which the law has denied it." This rule has been consistently followed in later cases. (*Baxter* v. *Baxter,* 3 Cal. App.2d 676, 686 [40 P.2d 536]; *Grant* v. *Superior Court,* 214 Cal.App.2d 15, 20-21 [29 Cal.Rptr. 125]; see also *Carlson* v. *Carlson,* 221 Cal.App.2d 47 [34 Cal.Rptr. 195], and *Roberts* v. *Roberts,* 241 Cal.App.2d 93 [50 Cal.Rptr. 408].)

Plaintiff contends that when the matter was heard in the respondent court, defendant conceded that that court had the power to modify the property settlement agreement and that, having been unsuccessful there, the defendant cannot now jump to the other side of the fence and take the position here that the court exceeded its jurisdiction in making the order here under review. She further contends that that order should be considered as an order modifying the agreement and that in making that order the court did not exceed its jurisdiction.[5] These contentions are not tenable.

---

[4]In the case at bench the omission of any such provision in the interlocutory judgment was in accord with the express provision of paragraph XXIII of the property settlement agreement, that that agreement, including its provisions for the support and maintenance of the wife "is conditional upon neither of [the parties] being subject to an order of the court in an action for divorce or separate maintenance directing the performance of the contractual rights and obligations created by this agreement." (See fn. 1, *supra.*)

[5]In her points and authorities filed with us on January 8, 1968, in opposition to the petition, plaintiff quotes from defendant's brief in the

In *Kelley* v. *Kelley*, 151 Cal.App.2d 228 [311 P.2d 90], decided in 1957, the court affirmed an order modifying the provisions of an interlocutory judgment which approved and incorporated a property settlement agreement by reference, and contained an order pursuant thereto for the support of the wife. With respect to the power of the trial court to make that order, the court there said (pp. 232-233) : "It is settled that there is no power to modify in instances where the provisions are not severable, being but parts of an integrated agreement covering adjustment of property rights; but if they are severable the court may modify the support provisions upon a showing of changed conditions just as if they were found in a decree rendered without the aid of any underlying agreement. [Citations.] The situation is not altered by incorporation of the agreement into a decree of court or by the merger resulting therefrom. [Citations.] The court looks through the decree to the agreement and determines the rights of the parties in this respect just as if there were no merger."

Section 139 of the Civil Code was amended in 1961 to provide that that portion of the decree or judgment making an allowance for the support of the successful party or for the support of the children, "including any order for support of children or for support of the other party based on a provision for such support in an integrated property settlement agreement, may be modified or revoked at any time . . ." (Stats. 1961, ch. 2098, p. 4362.) The section was again amended in 1963 by deleting the provision written into the section in 1961 permitting modification of that part of a decree or judgment making an allowance for the support of the other spouse, including any order based on a provision for such support in an integrated property settlement agreement. (Stats. 1963, ch. 861, p. 2097.)

This section was again amended in 1967 to provide, so far as pertinent here that "The provisions of any agreement for the support of either party shall be deemed to be separate and severable from the provisions of the agreement relating to property. All orders for the support of either party based on

respondent court as follows : " ' ' That this Court can modify the agreement is beyond doubt and, especially, when as in the present situation, provisions for termination of support on death or remarriage of the wife are regarded as alimony. *Fields* v. *Fields*, 94 Cal.App.2d 56, 59 [209 P.2d 977]: See also *Kelley* v. *Kelley*, 151 Cal.App.2d 228 [311 P.2d 90].' " The cases there cited are readily distinguishable and do not support plaintiff's position here.

such agreement shall be deemed law imposed and shall be deemed made under the power of the court to make such orders. The provisions of any agreement or order for the support of either party shall be subject to subsequent modification or revocation by court order except as to any amount that may have accrued prior to the order of modification or revocation, and except to the extent that any written agreement, or if there is no written agreement, any oral agreement entered into in open court between the parties, specifically provides to the contrary. All such orders of the court for the support of the other party, even if there has been an agreement of the parties, may be enforced by the court by execution, contempt, or by such other order or orders as the court in its discretion may from time to time deem necessary. . . .'' (Stats. 1967, ch. 1308, p. 3130.) This provision was in effect when the court made its order of December 19, 1967. Assuming, but without deciding, that the power thus conferred on the trial court is broad enough to permit the trial court to amend the property agreement, even in the absence of a prior order for the support of either party based on such an agreement, the case before us does not come within the scope of this amendment. This is so because, as amended in 1967, section 139 further provides that ''The 1967 amendments to this section apply only with respect to agreements entered into after the effective date of such amendments.'' The property settlement agreement with which we are concerned was executed August 3, 1964. The 1967 amendments to section 139 did not take effect until November 1967.

It is apparent to us from the foregoing discussion that, in the absence of any allowance in the interlocutory judgment of divorce filed February 10, 1965, and in the absence of any statutory authority, the respondent court exceeded its jurisdiction in making its order of December 19, 1967, whether that order is considered as an order modifying the interlocutory judgment, which it purports to be, or as an order modifying the property settlement agreement. Jurisdiction to make that order could not be conferred on the court by stipulation of the parties.

Let a writ issue prohibiting the respondent court from enforcing that part of its order of December 19, 1967, which orders petitioner to make certain payments for the support of the real party in interest.

Wood, P. J., and Lillie, J., concurred.