[Civ. No. 25574.   First Dist., Div. One.   July 2, 1969.]

MURIEL A. CORRIE, Plaintiff and Appellant, v. RAYLEN J. CORRIE, Defendant and Respondent.

James P. Preovolos and Roger H. Bernhardt for Plaintiff and Appellant.

Harrington, Knight & Smith and Thomas McGinn Smith for Defendant and Respondent.

SIMS, J.—Plaintiff wife has appealed from an order which denied her motion to increase and prolong the support payments from defendant husband for which provision had been made in a prior order of the court. The former provision, contained in an interlocutory judgment entered October 23, 1964, reads: "(2) Commencing October 1, 1964, Defendant shall pay to plaintiff for her support and maintenance, the sum of Two Hundred Twenty Five Dollars ($225.00) a month, for a period of three years, at the end of which time, the said obligation will cease. The obligation for support and

maintenance shall be subject to modification and will cease in any one of three conditions: the death of the *defendant or (initialed: JPP, DJM, JTOk, J.)** plaintiff, the remarriage of the plaintiff, or the termination of the three year period which ever event first occurs."

The court found in its decision, "The time limitation as for alimony payments was very definitely spelled out by the Court and the Court retained no jurisdiction to modify this time limitation. Furthermore, it would appear that it was fixed by agreement of the parties at the time the decree was procured by plaintiff." The motion to modify, which was interposed before the expiration of the three-year period, was denied, and the court ordered alimony payments terminated as of September 30, 1967, "on the ground that the court did not retain jurisdiction to modify the time limitation spelled out by the Court for alimony payments."

Following the entry of the original decree, section 139.7 was added to the Civil Code (Stats. 1965, ch. 1109, § 1, p. 2755) to provide: "An order for payment of an allowance for the support of one of the parties pursuant to Section 139 shall terminate at the end of the period specified in the order and shall not be extended unless the court in its original order retains jurisdiction."

Plaintiff contends that the original support order was modifiable with respect to its term, and that the provisions of section 139.7 cannot be applied retroactively to affect the prior order. Defendant contends that the order was never modifiable with respect to its term, and that in any event the provisions of section 139.7 preclude an extension of the provisions for support past the term specified in the original order.

Discussion of the retroactive effect of section 139.7 is unnecessary. It is obvious that if the provision for modification contained in the interlocutory judgment was a retention of jurisdiction to extend the period for which support and maintenance was to be paid, it would suffice to satisfy the proviso contained in section 139.7. In *Lassiter* v. *Lassiter* (1967) 256 Cal.App.2d 81 [63 Cal.Rptr. 676], under similar, though not identical circumstances, the court observed, "Section 139.7 requires the trial court to retain jurisdiction in its original order if it is to extend support beyond the termination date stated in the order. Assuming without deciding that section 139.7 governs, the trial court's interlocutory judgment

*Inserted.

declaration that the support provisions shall be modifiable is a retention of jurisdiction." (256 Cal.App.2d at pp. 81-82. Cf. *Maben* v. *Superior Court* (1967) 255 Cal.App.2d 708, 714 [63 Cal.Rptr. 439]; and see *Russell* v. *Superior Court* (1967) 252 Cal.App.2d 1, 5, fn. 2 [59 Cal.Rptr. 891].)

In *Lassiter* the condensed report of the provisions of the interlocutory decree is as follows: "The divorce judgment details an eight-year declining scale of support payments, states defendant's support obligation shall terminate in eight years, and declares '. . . the parties intend that the provisions for plaintiff's support shall be modifiable. . . .'" (*Id.*, at p. 81.) It does not disclose whether the provisions originated with the court, or from an agreement or stipulation of the parties, and if the latter, whether the provisions were integrated with provisions governing the settlement of property rights and other marital rights of the parties. In the instant case a plumbing of the facts reveals details which lead to the conclusion that at the time of the entry of the decree the court divested itself of jurisdiction to extend the period for support payments, as distinguished from the power it retained to modify the amount to be paid.

The interlocutory decree reveals that at the hearing of the case on October 1, 1964, the defendant husband dismissed his cross-complaint, both parties waived findings of fact and conclusions of law, and the plaintiff proceeded to secure what was in effect an uncontested divorce. The decree then recites: "The Court also hereby finds that the parties hereto by agreement made in open Court each being present in Court and indicating their understanding and approval of said agreement, made provision for the adjustment and settlement of their community property and all other marital rights and obligations and the Court being fully advised as well as to all of the provisions of said agreement, hereby further finds that said agreement is fair and just as to both parties in all particulars and that the said agreement makes provision for an equitable division of all community property now belonging to the parties and for an equitable adjustment of all of their marital rights and obligations."

After adjudging that plaintiff was entitled to a divorce, the interlocutory judgment continues, "It is further ordered, adjudged and decreed pursuant to the herein before described property settlement agreement as follows: . . . ." The paragraphs which follow (1) govern the sale of the family resi-

dence and the disposition to be made of the proceeds, (2) provide for support and maintenance of the wife, as set forth above, (3) provide hospital protection for plaintiff, and (4 and 5) provide for the assignment of certain articles of property to the respective parties. It is further ordered (6) that each party execute all instruments necessary to carry out "this understanding and agreement," and (7) that each party be restrained from molesting, etc., the other. The interlocutory judgment is endorsed "Approved as to form" by the attorney for plaintiff.

At the time the interlocutory judgment was entered, and prior to the adoption of section 139.7, the following principles governed modification of an order which provided support for a limited term: "It is settled by the authorities that in cases of alimony awarded for a specified limited period an application for modification may be made within that period and the court may grant same though nothing is said in the alimony order or judgment concerning modification or reservation of jurisdiction. On the contrary no such relief can be granted upon an application filed after that period for the court's jurisdiction ceases with the expiration of the specified term. (See *Tolle* v. *Superior Court,* 10 Cal.2d 95, 97 . . . ; *McClure* v. *McClure,* 4 Cal.2d 356, 361 . . . ; *Simpson* v. *Simpson,* 134 Cal.App.2d 219, 221-223 . . . ; *Schraier* v. *Schraier, supra,* 163 Cal.App.2d 587, 589 [329 P.2d 544].)'' (*Reichardt* v. *Reichardt* (1960) 186 Cal.App.2d 808, 812 [9 Cal.Rptr. 225].) In *Lassiter* the court, after alluding to the foregoing rule, concluded, "If section 139.7 is not controlling, Civil Code. section 139, before the enactment of section 139.7, declared support provisions are modifiable without requiring the divorce decree to declare a retention of jurisdiction.'' (256 Cal.App.2d at p. 82.)

The court on its own motion could not divest itself of the power conferred by section 139 of the Civil Code[1] to modify a decree or order which it made for the support of a

---

[1] At all times relevant to this case Civil Code section 139 provided, and provides in pertinent part: "In any interlocutory . . . decree of divorce . . . the court may compel the party against whom the decree or judgment is granted to make such suitable allowance for support and maintenance of the other party for his or her life, or for such shorter period as the court may deem just, having regard for the circumstances of the respective parties . . . .

"That portion of the decree or judgment making any such allowance . . . may be modified or revoked at any time at the discretion of the court except as to any amount that may have accrued prior to the order of modification or revocation."

spouse. (*Mason* v. *Mason* (1960) 186 Cal.App.2d 209, 216 [8 Cal.Rptr. 784].) ▮ Nevertheless, when the parties have entered into an integrated agreement governing the right to support, as well as property rights, the provisions of that agreement relating to support will be respected.[2] "Prior to the 1961 agreement, and subsequent to its repeal in 1963, support provisions made an integrated part of a property settlement agreement were not modifiable, unless a modification was provided for in the agreement, or consented to by both parties. [Citations.]" (*Hecht* v. *Hecht* (1968) 259 Cal.App. 2d 1, 4 [67 Cal.Rptr. 293]. See also *Plumer* v. *Plumer* (1957) 48 Cal.2d 820, 824-825 [313 P.2d 549]; and *Baker* v. *Baker* (1961) 192 Cal.App.2d 730, 733 [13 Cal.Rptr. 772].)

▮ In the instant case the recitals of the interlocutory decree clearly indicate that the provisions for support were part of an integrated agreement entered into in open court under which the parties intended to and did provide "for the adjustment and settlement of their community property and *all other marital rights and obligations.*" (Italics added. See *Plumer* v. *Plumer, supra,* 48 Cal.2d 820, 825; *Baker* v. *Baker, supra,* 192 Cal.App.2d 730, passim.) This being so the measure of the court's power to modify is to be found in the agreement, and is not controlled by the provisions of section 139, and the cases applying it. (*Plumer* v. *Plumer, supra,* 48 Cal.2d at pp. 825-826; and cf. *Lish* v. *Lish* (1961) 191 Cal. App.2d 343, 345-346 [12 Cal.Rptr. 538].)

The agreement, embodied in the interlocutory judgment in this instance, does not clearly and unequivocally express the intent that the reserved power to modify may be exercised to extend the period during which support shall be furnished. (Cf. *Lish* v. *Lish, supra.*) In *Lassiter* v. *Lassiter, supra,* the court interpreted the general language "the provisions for plaintiff's support shall be modifiable" as relating to the duration as well as to the amount of support. (256 Cal.App.2d at p. 81.) This was unquestionably correct if the original

---

[2]Agreements entered into on or after September 15, 1961 (see Stats. 1961, ch. 2098, § 1, p. 4362) and before September 20, 1963 (see Stats. 1963, ch. 861, § 1, p. 2097) may be governed by the 1961 statute. (See *Hecht* v. *Hecht* (1968) 259 Cal.App.2d 1, 4-5 [67 Cal.Rptr. 293].) Agreements entered into after November 8, 1967 (see Stats. 1967, ch. 1308, § 1, p. 3130) are governed by the amendments made that year. (See *DeLuca* v. *Superior Court* (1968) 262 Cal.App.2d 254, 260-261 [68 Cal. Rptr. 535].) It is noted that the 1967 provisions permit the parties to limit the court's power to modify or revoke provisions for support in any agreement or order by an "oral agreement entered into in open court."

termination was imposed by the court, nor can it be questioned as an interpretation of any agreement of the parties. which may have been incorporated in the interlocutory judg-' ment, because of a paucity of data concerning that agreement. In *Plumer* v. *Plumer, supra,* the court recognized a distinctior between provisions of an agreement dealing with the termination of support payments and those dealing with its modific" tion. (48 Cal.2d at p. 826.)

Reference to the agreement in question reveals that the parties, and the court in the judgment, provided not mere'y for the allowance of specific monthly payments for a definite period, but also expressly provided that the obligation to pay the wife for her support and maintenance would cease at the end of the period. The language, "The obligation for supp⌐⌐ and maintenance shall be subject to modification" is coupled with the following, "and will cease in any one of three conditions; the death of the *defendant or (initialed: JPP, DJM, JTOk, J.)* plaintiff, the remarriage of the plaintiff, or the termination of the three year period which ever event first occurs." ■■■ The court could not extend the payments for support and maintenance for a period beyond the life of the wife, beyond the life of the husband, or after the remarriage of the wife, unless the agreement expressly authorized such action. (Cf. Civ. Code, § 139.) The juxtaposition of the various contingencies upon which the obligation to support was to terminate compels the interpretation adopted by the lower court. The parties expressly agreed, with the approval of the court, that the obligation to support would terminate in any event in three years. The provision for modification was only intended to apply to the amount of support during the period the obligation persisted.

The order is affirmed.

Molinari, P. J., and Elkington, J., concurred.

---

*Inserted.